R. F. McCULLOUGH, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 30774.

United States Court of Appeals,
Fifth Circuit.

May 7, 1971.

Rehearing Denied and Rehearing En
Banc Denied June 15, 1971.

Wayman G. Sherrer, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, Martha Jane M. Edmisten, Thomas E. Stapleton, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellant.

John E. Grenier, Robert McD., Smith, Birmingham, Ala., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., of counsel, for appellee.

Before TUTTLE, WISDOM and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This action was commenced by R. F. McCullough (hereinafter taxpayer) for refund of a 100-percent penalty assessment against him under Section 6672 of the Internal Revenue Code of 1954 stemming from his failure to pay over the income tax withholding and F.I.C.A. taxes of McCullough Industries, Inc. (hereinafter company), for the periods ending December 31, 1963, March 31, 1964, and June 30, 1964. A counterclaim was filed by the Government. The case was tried before a jury. On May 14, 1970, taxpayer moved for a directed verdict, and the Government filed a cross motion for

a directed verdict. Following argument on the motions, the court granted the taxpayer's motion. The court's orders granting a directed verdict for the taxpayer were entered on June 4, 1970, and the Government's notice of appeal was timely filed on August 3, 1970. Jurisdiction is conferred on this court by 28 U.S.C. § 1291.

From the facts developed by the evidence, taxpayer was the son of G. C. McCullough, who was the organizer of the company. When taxpayer returned from military service in 1945, he became associated with the company. He was an original incorporator and, next to his father, the largest stockholder. He was and continued as a director of the company from the time of its creation in 1945. He served as treasurer of the company from 1945 to 1956, and since 1956 as its president. He signed checks, contracts on behalf of the company and notes for corporate loans in substantial amounts. By-laws adopted in 1956 provided that the Chairman of the Board, G. C. McCullough, was chief executive officer and there was evidence that G. C. McCullough was the decision maker.

The issue here in dispute is whether the record contained substantial evidence to support the Government's contentions that taxpayer was a responsible person under § 6672 of the Internal Revenue Code of 1954.

■ The test on motions for directed verdict required by Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir., 1969), decided by this court en banc is:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."

■ We are firmly of the opinion that the case at bar does not meet the test of *Boeing* on motions for directed verdict. The evidence in the case raises inferences upon which reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. Evidence that taxpayer was an original incorporator and director, a substantial stockholder, treasurer of the company from 1945 to 1956, president of the company since 1956 and president of the company at the time of the acts or omissions complained of, is evidence upon which reasonable and fair-minded jurors might conclude that taxpayer was a responsible person under § 6672 of the Internal Revenue Code of 1954. It is inconsequential that exclusive control over all corporate affairs was not vested in him. Scott v. United States, 354 F.2d 292, 173 Ct.Cl. 650 (1965).

The case should have been submitted to the jury for consideration upon all of the competent evidence before it.

Reversed and remanded for trial by jury.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.