**R. F. McCULLOUGH, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 72-1104.

United States Court of Appeals, Fifth Circuit.

July 14, 1972.

Charles D. Stewart, Asst. U. S. Atty., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Fleming T. deGraffenried, Atty., Tax Div., Dept. of Justice, Dallas, Tex., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Jane M. Edmisten, Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

John E. Grenier, Robert McD. Smith, Birmingham, Ala., for plaintiff-appellee.

Before TUTTLE, COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

This is the second appearance of this case in this court. The first appeal was from a directed verdict in favor of the taxpayer in a suit for refund filed by him to recover what amounted to $165,318.20 of unpaid and withheld employees' withholding and F.I.C.A. taxes of McCullough Industries for the periods ending December 31, 1963, March 31, 1964 and June 30, 1964. The government had assessed the taxes by applying a penalty equal to the amount of taxes under Section 6672 of the Internal Revenue Code of 1954, which provides that:

> "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax or truthfully account for and pay over such tax, or wilfully attempts in any manner to evade or defeat any such tax or the payment thereof . . .."

shall be liable for the 100% provided under the statute.

Since such person is, of course, not the primary taxpayer a collection of the 100% penalty merely means that the government collects an amount equal to the taxes which such person, in violation of the statute, had failed to pay over.

As reported in 442 F.2d 1011, 1971, this court concluded that the evidence

submitted on the first trial was such as would have permitted the jury to find that R. F. McCullough was a "person required to collect, truthfully account for, and pay over" the withholding and F.I.C.A. taxes. Upon remand the case was submitted to the jury, which found that until after the end of the last of the quarters involved, the taxpayer's father had sole and dominating control of the corporation and that the taxpayer had no responsibility for the collection or accounting for the taxes for the periods involved. The jury found, therefore, in favor of the taxpayer and judgment was entered accordingly.

■ The government here contends for a position which would, in effect, change the language of Section 6672 from "person required to collect, truthfully account for, and pay over" to "person required to collect, truthfully account for, *or* pay over." The government thus seeks to fix liability on R. F. McCullough because he was president of the corporation during a time when sufficient funds came into the corporation's coffers, which, in cumulative amount at least, would have been sufficient to discharge the corporation's liability for the unpaid taxes. The principal difficulty with this argument is that this is not the way the statute is written and there is no statutory authorization for the collection of this penalty, even though the taxpayer had free funds available for the purpose of paying the taxes.

■ The government then constructs the theory that, nevertheless, the failure of the corporation to pay the withheld taxes constituted of them a trust fund under Section 7501 and it became the duty of any person who later had access to such funds to apply them for the purpose for which the trust was impliedly created. The initial factual difficulty with this approach in this case, however, is that it was clear from the evidence that the continued operation for approximately six months of the tenure of R. F. McCullough was at the will of a large factoring company which had security instruments covering substantially all the assets of the corporation and advanced funds for the operation only as itemized by specific voucher. Under these circumstances no unencumbered funds became available to the taxpayer out of which he could reinstate the so-called "trust fund," and then pay the same over to the government.

The court, on the state of this record, does not reach the legal question raised by the government in its "trust fund" theory. That is to say, we do not decide the liability of a person who becomes an officer responsible for the payment of withheld but not accounted for and not paid withholding and FICA taxes at a time when the corporation has funds from which the managing head of the corporation could discharge the defaulting corporation's trust obligation to the government and exercises his control to disburse such trust funds for other purposes. We hold only that the government did not prove facts sufficient to establish the existence of such a fund at a time when R. F. McCullough was the managing official and thus, according to the government's contention, the "responsible person" for the *payment* thereof.

The judgment is

Affirmed.