In the Matter of Slodov, Debtor.

Ike SLODOV, Appellant Cross-Appellee,

v.

UNITED STATES of America on behalf of the Internal Revenue Service, Appellee Cross-Appellant.

Nos. 75–2496, 75–2497.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1977.

Decided April 5, 1977.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Scott P. Crampton, Gilbert E. Andrew, Appellate Section, Tax Div., Dept. of Justice, William A. Friedlander, Jeffrey S. Blum, Washington, D. C., for appellee cross-appellant.

Bennet Kleinman, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, for appellant cross-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

These consolidated appeals concern the personal liability of a controlling officer of a corporation for income taxes and social security taxes withheld from the wages of employees but never paid over to the government. The controlling officer is now the debtor in proceedings for a real property arrangement under Chapter XII of the Bankruptcy Act. The following statement of the case appears in the opinion of the Bankruptcy Judge, 74–2 USTC ¶ 9719, adopted by the district court in its memorandum opinion, 75–2 USTC ¶ 9829, following a petition for review:

Ike Slodov, the debtor, entered into an agreement for the purchase of the stock on the 31st day of January, 1969, of Tas-Tee Catering, Tas-Tee vending, and The Charles Corporation. The above-named companies were sometimes referred to as Russell's Foods, Inc. However, for the purpose of this Opinion, the above-named companies will be referred to as Tas-Tee Catering. Ike Slodov assumed control and command of Tas-Tee Catering on January 31, 1969, and continued through the period from January 31, 1969, to July 15, 1969, except for a short two-week period from May 23 through June 4, 1969, when he withdrew from the company's direction.

During the purchase negotiations, it was represented to Doctor Slodov that there was sufficient money in the treasury to pay all taxes and to pay the creditors for any outstanding bills. Doctor Slodov took charge the afternoon of January 31, 1969, and on February 1, the next day, sent out four company checks to Internal Revenue for payment of the liabilities. On Monday, February 3, Doctor Slodov discovered that there was no money in the treasury to pay the taxes and ordered a stop payment of the checks immediately. Doctor Slodov discovered that there was $100,000 owing to Horton Dairy and that there was no money in the treasury to pay them. The meat bills were unpaid, and the rental truck bills were not paid. The paper cup and plate companies were not paid and many other creditors.

There was no money in the treasury to pay any of the above-mentioned debts.

. . . . .

The Internal Revenue Service filed its proof of claim for unpaid taxes in this case on November 2, 1970, and supplemental proof of claim on November 30, 1970. The initial proof of claim was amended on October 15, 1973. The Internal Revenue Service claims were based on Section 6672 of the Internal Revenue Code:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. (Aug. 16, 1954, c. 736, 68A Stat. 828)."

Ike Slodov, the above-named debtor, objected to the claim of the United States for Internal Revenue taxes filed herein on November 30, 1970, in the sum of $229,511.58, supplemental to proof of claim No. 29 filed on November 2, 1970.

The claim of the United States related to two distinct periods, one covering income taxes and social security taxes withheld from wages of employees ("trust fund taxes") prior to January 31, 1969 and the other being concerned with such taxes withheld after Dr. Slodov took control of Tas-Tee Catering on that date. Claim No. 29 encompassed both time periods, and the Bankruptcy Judge sustained Slodov's objections to that claim in its entirety. Upon review, the district court affirmed the order of the Bankruptcy Judge with respect to that portion of Claim No. 29 which related to taxes withheld by Tas-Tee Catering prior to the time that Slodov took control, but reversed the order with respect to taxes withheld after control passed to him. Both parties have appealed.

## SLODOV'S APPEAL

The taxpayer asserts that the district court erred in holding that he is liable for trust fund taxes of Tas-Tee Catering for the period from February 1, 1969 to July 15, 1969. This claim of error has two bases—first, that it is clear from the evidence that Slodov caused the corporation to collect, truthfully account for and pay over all trust fund taxes due to the United States for the period after January 31, 1969 during which he controlled the affairs of the corporation; and second, that there was an agreement between the Internal Revenue Service and the corporation by which payments during this period were to be applied to the current liability of the corporation for income taxes and social security taxes withheld from the wages of employees. The taxpayer testified at length concerning an agreement for the application of payments, and his testimony was supported by that of two former Tas-Tee Catering employees who were called by the government. The IRS agent in charge of the case testified that no such agreement existed and that if it did exist, IRS was not bound by it. He applied some of the payments to other tax liabilities of the corporation, including the employer's share of social security taxes.

The Bankruptcy Judge found that the total payments from Tas-Tee Catering to IRS during the period February 1, 1969—July 15, 1969 were virtually identical with the total liability of the corporation for trust fund taxes during that period and that, except for the decision of an IRS agent to apply these payments to the corporate share of social security taxes, ". . . there would have been no withholding tax deficiencies subsequent to February 1, 1969." The Bankruptcy Judge also found that the payments made by Tas-Tee Catering to IRS during this period were made pursuant to ". . . an understanding, agreement, and request to Internal Revenue Service for application of the withholding taxes to current withholding liabilities." Even though the IRS agent testified that

he was not bound by an agreement for the application of payments by a taxpayer, it is undisputed that several of the payments were applied in accordance with the agreement at a time when the corporation had extensive liability for its own share of current social security taxes as well as withholding tax liability for previous periods. The Bankruptcy Judge concluded from these findings that the trust fund taxes which accrued during the period of Dr. Slodov's control of Tas-Tee Catering were paid in full and that payment of other corporate debts during this period was not evidence of willful failure to pay withholding taxes since there had been no showing that corporate funds were intentionally used to prefer other creditors over the United States.

In reviewing the decision of the Bankruptcy Judge the district court did not refer to the finding that all trust fund liability of the corporation during the period of Dr. Slodov's control had been paid in full. With respect to an agreement between IRS and the corporation, the district court held that if such an agreement did exist it would not affect Dr. Slodov's individual liability under Section 6672. The main thrust of the district court's holding was to the effect that the Bankruptcy Judge applied an incorrect legal standard in determining whether or not Dr. Slodov's conduct in paying other debts of the corporation was willful within the meaning of Section 6672. Though the government contended otherwise in the district court, it now concedes that a designation by a taxpayer as to how a voluntary payment of taxes is to be applied is binding on the Internal Revenue Service. It continues to argue, however, that there is no evidence of an agreement between Tas-Tee Catering and IRS as to the application of payments and no evidence that a request was ever conveyed to personnel of IRS that the amounts paid should be applied first to the current trust fund liabilities of the corporation. It maintains that the findings of the Bankruptcy Judge are clearly erroneous.

If the district court had considered the findings of the Bankruptcy Judge, review would have been subject to Rule 810, Federal Rules of Bankruptcy, which provides:

> Rule 810. Disposition of Appeal; Weight Accorded Referee's Findings
>
> Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge of the credibility of the witnesses.

In *McDowell v. John Deere Industrial Equipment Co.*, 461 F.2d 48, 50 (6th Cir. 1972), we held that it is firmly established in this circuit that findings of fact of a Referee in Bankruptcy (now Bankruptcy Judge) should not be disturbed by a district judge unless there is "most cogent evidence of mistake or miscarriage of justice." A review of the evidence heard and received by the Bankruptcy Judge discloses ample support for his findings both with respect to the existence of an agreement for the application of the payments in question to current trust fund liabilities and that designations accompanied specific payments.

If the Internal Revenue Service had honored the agreement and designations found to exist by the Bankruptcy Judge, the corporation's liability for income taxes and social security taxes withheld from the wages of its employees during the period from February 1, 1969 to July 15, 1969 would have been satisfied. Since the payments by Tas-Tee Catering during the period of Dr. Slodov's control were virtually identical with the corporation's liability for trust fund taxes withheld during that period and these payments were made pursuant to an agreement that they be applied to current trust fund liability, Section 6672 of the Internal Revenue Code never came into play. The purpose of Section 6672 is to provide an additional remedy for the government in the form of a "penalty" tax against individuals responsible for the failure of a corporation to satisfy its tax liabili-

ties. An individual who has caused the corporate obligations for trust fund taxes to be paid may not be held personally liable under Section 6672 because the IRS chooses to ignore a binding agreement and credits these payments to other corporate tax liabilities. *McKenzie v. United States*, 536 F.2d 726 (7th Cir. 1976).

### THE CROSS–APPEAL

The district court affirmed the holding of the Bankruptcy Judge that Dr. Slodov is not liable under Section 6672 for income taxes and social security taxes required to be withheld by Tas-Tee Catering from the wages of its employees prior to January 31, 1969. The Bankruptcy Judge found from the testimony and exhibits that as of the date on which Dr. Slodov took control the corporation had no liquid assets and there were no escrow accounts or tax depository accounts. The Bankruptcy Judge held that Slodov was not a "responsible officer" prior to January 31, 1969 and that on that date no trust funds came into his control. In affirming the holding that Dr. Slodov was not liable under Section 6672 the district court stated:

> The debtor had no role in the corporations until January 31, 1969. He had no control over financial decisions. He had no opportunity to collect or direct collection of the taxes as they accrued. And therefore, under the clear and unequivocal language of § 6672, he is not a "person required to collect, truthfully account, [sic] for and pay over any tax . . . ."

The district court cited *McCullough v. United States*, 462 F.2d 588 (5th Cir. 1972), in which the court held that a person who had no responsibility for the collection of or accounting for taxes withheld during a particular period but who later controlled the corporation could not be held personally liable under Section 6672 for failure to pay the taxes to the government. However, we do not find *McCullough* to be dispositive of the issue on cross-appeal. The *McCullough* court found that the taxpayer never had available unencumbered funds with which

to pay taxes that had previously been withheld and not paid over to the government. The court stated that it therefore did not "decide the liability of a person who becomes an officer responsible for the payment of withheld but not accounted for and not paid withholding and FICA taxes at a time when the corporation has funds from which the managing head of the corporation could discharge the defaulting corporation's trust obligation to the government and exercises his control to disburse such funds for other purposes." *Id.* at 590. The evidence is undisputed that Tas-Tee Catering had in its possession during the period of Dr. Slodov's control large sums of money which it used to pay debts and operating expenses. Therefore we must decide the question not reached by the Fifth Circuit in *McCullough*.

There is no doubt in the present case that Dr. Slodov knew that withheld taxes for periods prior to his taking control were unpaid. He attempted to pay these taxes with a corporate check immediately after assuming responsibility for the affairs of Tas-Tee Catering and later stopped payment on the check when he discovered that there were no funds at that time to make the check good or to pay other obligations of the corporation. In seeking affirmance of the district court on this issue the debtor argues that if funds representing taxes previously withheld by the corporation never came into his hands as a subsequent responsible party and no funds were available at the time he became the person in control of the corporate affairs, he may not be held liable under Section 6672. The government contends that there is no distinction between the position of a taxpayer who takes control of a córporation which has withheld taxes in its possession and dissipates them for other purposes and one who takes over such a corporation with no funds and uses money subsequently acquired by the corporation to pay other obligations to the detriment of the government.

An employee's income tax account and social security account are credited with the amounts reported by the employer

as withheld for these purposes whether the employer pays them over to the government or not. The taxes required to be collected or withheld are intended by Congress to be treated as special funds held in trust for the United States. 26 U.S.C. § 7501; *Harrington v. United States*, 504 F.2d 1306 (1st Cir. 1974); *Spivak v. United States*, 370 F.2d 612, 615 (2d Cir.), *cert. denied*, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). The "willfulness" required for personal liability under Section 6672 exists if those with power and responsibility within the corporate structure for seeing that taxes which have been withheld are remitted to the government, acting voluntarily, consciously and intentionally, use corporate funds to pay other obligations rather than using them to pay withheld taxes. *Harrington v. United States, supra*, 504 F.2d at 1311; *Monday v. United States*, 421 F.2d 1210 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

The Ninth Circuit dealt with a case similar in many respects to the present one in *Teel v. United States*, 529 F.2d 903 (1976). There responsible officers were found to have known that there were arrearages in payments of income and social security taxes in previous quarters, but they continued the operation of the business, using funds generated from the sales of inventory and manufactured products to pay for new merchandise. The court held that they acted willfully in failing to pay the taxes, stating " . . . as the cash went into the cash drawer, it became subject to trust or lien in favor of the federal government for the unpaid withholding taxes. By dissipating the cash for new purchases, of which the taxpayers knew, they unwittingly supplied the necessary willfulness." *Id.* at 905. *Teel* differs from the present case in that the taxpayers were responsible officers both during the time when withholding was required and when payment was due. However, we do not agree with those decisions which have indicated that personal liability under Section 6672 may only be incurred by persons who are responsible parties at the time withholding or collection is required to be ef-

fected as well as when reports and payments are required to be made. *See McCullough v. United States, supra*, 462 F.2d at 590.

We conclude that it is irrelevant whether there were unencumbered funds on hand at the time Dr. Slodov took control of Tas-Tee Catering. Prior to that time the employees of the corporation had received net wages which reflected withholding for income taxes and social security taxes. Whether these withheld taxes were segregated and held in special accounts or not they became trust funds for the payment of the withholding obligations of the corporation to the United States. When the corporation came into possession of funds after Dr. Slodov acquired control, these funds were impressed with a trust to the extent of the corporation's obligations for previously unpaid withholding income taxes and employees' share of social security taxes. Though created before Dr. Slodov's control of the corporation began, these obligations continued after that date, and he was clearly the person responsible for paying them when funds became available. In a different context this court has considered the meaning of the word "person" as it is defined in 26 U.S.C. § 6671(b) and referred to in § 6672. In *Mueller v. Nixon*, 470 F.2d 1348 (6th Cir. 1972), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1001 (1973), we decided to adopt a "broad interpretation" of the word "person" in order to give the full meaning to the intention of Congress. In the *Mueller* opinion the court quoted Section 6672 and then stated:

As we read this section, it is squarely addressed to the person or entity responsible for the payment of the withheld taxes. It is knowledge of the tax delinquency and authority over the decision to pay or not to pay the taxes which is at issue—not who has the duty of filling out the forms. *Id.* at 1350.

Dr. Slodov clearly knew that Tas-Tee Catering had not paid income taxes and social security taxes withheld from the wages of its employees prior to the date

that he took control of the corporate affairs, and when he caused subsequently acquired funds to be used for satisfaction of other corporate debts and payment of operating expenses instead of paying these preexisting obligations he exposed himself to personal liability under Section 6672. As the court stated in *Braden v. United States*, 442 F.2d 342, 344 (6th Cir.), *cert denied sub nom. Bonistall v. Braden*, 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971)—

> If the appellant was aware of the fact that the taxes were unpaid, and, possessing the power and responsibility to pay them, failed to do so, then he is liable for the penalty of section 6672 notwithstanding his lack of malice or wrongful purpose. (Citations omitted).

It is immaterial that he was not in control of the corporation at the time it paid the wages from which the income and social security taxes were deducted. He did not "truthfully account for and pay over such tax" and this rendered him personally liable for the amount of the taxes.

The judgment of the district court is reversed on the appeal and cross-appeal, and the cause is remanded for further proceedings.