590 F.2d 334
 79-1 USTC P 9130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. Howard and Judith A. Howard, Plaintiffs-Appellees
v.
United States of America, Defendant-Appellant.
 No. 77-3065.
 United States Court of Appeals, Sixth Circuit.
 December 8, 1978.
 
 Before WEICK and KEITH, Circuit Judges, and CECIL, Senior Circuit Judge.
 
 
 1
 This is a case where the government is seeking to collect moneys under 26 U.S.C. Sec. 6671 for a corporate officer because that officer allegedly failed to pay over tax withholding money to the government, but instead favored other creditors.
 
 
 2
 The Brooks Supply Company engaged in the business of manufacturing wood products in the northern Ohio area. The corporation's stock was held entirely by John Howard and his wife, Judith A. Howard. For a long time previously, the business had been operated as a proprietorship by John Klag, Mrs. Howard's father. The corporation was created around 1965; the person who ran the corporation was Mr. Klag, it was clearly his business. It is true that John Howard was listed as the corporation's president, this was a mere paper title, but he did nothing with the job. Judith Howard was the secretary-treasurer, but all she did was sign payroll checks at her father's direction. Her pay was $2.00 per hour.
 
 
 3
 Mr. Klag died in November of 1968. His daughter, Mrs. Howard, took over the corporation and tried to settle its financial affairs. The court found that although she was aware that $11,649.61 in past unpaid withholding taxes was due and owing to the government, that she paid off other creditors instead.
 
 
 4
 The court found that Judith Howard was totally inexperienced in business affairs, that she had not acted "wrongfully" in that she had tried to pay off all debts of the corporation after her father died, and that she had made a sincere effort to satisfy the corporation's tax obligations to the government. The court further found that her failure to pay was the result of poor accounting advice and her own inexperience in the financial operations of the corporation. There is also evidence that Mrs. Howard was distraught after the death of her father and the earlier death of her mother.[1]
 
 
 5
 The government does not challenge the fact that Mrs. Howard was only a "responsible" person within the meaning of the act after the death of her father. We think that Slodov v. United States --- U.S. ----, 98 S.Ct. 1778 (1978), rev'ing 552 F.2d 159 (6th Cir.1977) (relied upon heavily by the government) mandates affirmance on these facts. Thus, although we have serious doubts whether Mrs. Howard's conduct could be deemed "willful" within the meaning of the Act, we need not reach that issue.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 We see no justification for the disparaging language in the government's reply brief relating to this issue