Ralph H. BROWN, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Third Party Plaintiff-Appellee,

v.

Don R. SIBLEY, Third Party Defendant-Appellant.

No. 76-2381.

United States Court of Appeals, Fifth Circuit.

March 23, 1979.

Harry R. Nelson, Shreveport, La., for third party defendant-appellant.

Edward L. Shaheen, U. S. Atty., Shreveport, La., Gilbert E. Andrews, Acting Chief, William A. Friedlander, James E. Crowe, Jr., Attys., App. Section, Dept. of Justice, Washington, D. C., for U. S.

Joel M. Sermons, Shreveport, La., for Brown.

Before GEWIN, GEE and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672, provides that responsible persons who "willfully" fail to ensure that their corporation pays federal withholding taxes are liable for a penalty in the amount not paid. This case involves questions concerning the liability of two officers, Ralph H. Brown and Don R. Sibley, of Sibwin, Inc. for penalties under § 6672 because of Sibwin's failure to pay withholding taxes for the first quarter of 1972.[1] Each asserts that the other was the only person responsible for seeing that the liability was paid, and is, therefore, the only one liable for a § 6672 penalty. In addition, each asserts that, even if he was a responsible person during the first quarter, he did not "willfully" fail to ensure that the taxes were paid because the corporation had no unencumbered funds available to pay the tax. We conclude, however, that both of them were responsible officers, that they both willfully failed to ensure that Sibwin paid its withholding tax obligation for the first quarter, and that they, therefore, are each liable for the Section 6672 penalty.

I.

Brown and Sibley were each fifty percent shareholders in Sibwin, a corporation primarily engaged in the construction and sale of homes in various localities in northern Louisiana.[2] Sibley was the President and managed the corporation's daily business affairs; he signed all payroll checks and

1. Brown was also assessed with a penalty for the second and third quarters, but there is no dispute as to his liability or as to the amount of that liability; all parties agree that he is entitled to a refund of $4,030.50 of the amount paid for the second and third quarters. See note 3 *infra*.

2. Sibwin was originally formed by Sibley; Brown became a co-owner of the company in 1970.

paid creditors, including the federal government. Brown was the Vice President and Secretary-Treasurer of the corporation, and was also authorized to sign corporate checks, but he did not participate in the corporation's day-to-day operations; he was principally active in the operations of his own engineering consulting business which provided services to Sibwin. Brown also helped obtain financing for Sibwin, and both he and Sibley personally guaranteed Sibwin's debts to Commercial National Bank (CNB), the principal interim financier of Sibwin projects.

In late 1971, CNB became concerned about Sibwin's operations and financial position, and it was agreed that Brown would become more active in the corporation by consulting regularly with CNB and Sibley concerning corporate decisions. When Sibwin's financial condition did not improve, a problem arose regarding the bank's continued financing of Sibwin, and, on April 10, 1972, Brown assumed exclusive control of the corporation's affairs. Sibley's authority to sign checks was rescinded, and on May 22, 1972, he resigned his office. Brown was unable to remedy Sibwin's problems; therefore, on July 30, 1972 the corporation ceased doing business.

During the period that Sibley managed the daily affairs of the company, he sometimes failed to make the periodic payments of withholding trust funds as required by Section 6302(c) of the Internal Revenue Code, 26 U.S.C. § 6302(c), and Treasury Regulation 31.6302(c)–1, and delayed in filing quarterly returns in order for Sibwin to have use of the funds for a longer period of time, even though this would entail the payment of late penalties. When Brown assumed control on April 10, no withholding taxes for the first quarter had been paid over to the government by Sibley. At this time there was $11,608.85 in Sibwin's checking account; nonetheless, no employment tax returns were filed on behalf of Sibwin and no withholding taxes were paid over to the government in 1972. After Sibwin was assessed for delinquent withholding taxes and related penalties, and payment was not made, Sibley was assessed with a § 6672 penalty in the amount of $7,665.10 for Sibwin's failure to pay withholding taxes in the first quarter of 1972, and Brown was assessed with a penalty of $12,965.59 for the corporation's failure to pay withholding taxes during the first three quarters. Brown paid the entire amount of the assessment against him and thereafter filed a claim for refund of the entire amount paid in connection with the first quarter of 1972 and for a partial refund of the amount paid for the second and third quarters.[3]

The district court found Sibley liable for Sibwin's 1972 first quarter delinquency, but held that Brown was not liable because he was not a "responsible person" during that period. Judgment for $9,555.50[4] was entered in favor of Brown, and for $5,525 in favor of the government against Sibley. Sibley appeals the judgment against him, and the government appeals the judgment in favor of Brown to the extent of $5,525, the amount of the first quarter penalty assessed against him.

## II.

The penalty provided in Section 6672 for failure to ensure that a corporation pays its withholding taxes applies only to an individual who is "required to collect, truthfully account for, and pay over" the withheld tax, an individual known in the parlance as a "responsible person." *See also* 26 U.S.C. § 6671(b). At the time this case was decided by the district court, Section 6671 had been interpreted by this circuit as applying only to an officer or employee of the corporation who performed all three of the

---

**3.** The refund was requested for the second and third quarters because the amount assessed was excessive. The parties now agree that Brown is entitled to a $4,030.50 refund for excessive payments for the second and third quarters, and that $5,525 represents the liability, if any, of the responsible persons for the first quarter.

**4.** This represents refund of $4,030.50 for excessive payments on liability assessed for the second and third quarters, plus refund of $5,525 paid for the first quarter.

enumerated functions: collecting, accounting and paying over of withholding taxes. *McCullough v. United States,* 5 Cir. 1972, 462 F.2d 588, 590. Thus, if Brown's corporate office and powers, albeit unexercised, did not make him responsible before he actively took over management, the district court's decision that he was not a responsible person during the first quarter was consistent with the law as it was then understood to be, because, at the time Brown assumed personal control of Sibwin, he was not in a position to collect withholding taxes out of wages previously paid to Sibwin's employees; the withholding trust funds presumably had already been collected. *See Slodov v. United States,* 1978, 436 U.S. 238, 246, 98 S.Ct. 1778, 1785, 56 L.Ed.2d 251, 261–62.

Brown's position and authority may have rendered him a responsible person even during the time when Sibley was the corporation's active manager. However, we need not determine that question. In a recent case, *Slodov v. United States, supra,* the Supreme Court interpreted the statute to mean that every person under a duty to perform any one of the three functions enumerated in § 6671 is a responsible person and potentially liable for a § 6672 penalty. 436 U.S. at 250, 98 S.Ct. at 1787, 56 L.Ed.2d at 263. *See* our discussion of *Slodov* in *Mazo v. United States,* 5 Cir. 1979, 591 F.2d 1151. Because the withholding tax return for the first quarter was not due until April 30, 1972, Treas.Reg. 31.6302(c)–1(a)(1)(iv), and the withholding taxes became payable at that time, 26 U.S.C. § 6151, Brown, who assumed control on April 10, was under a duty to pay over the first quarter withholding taxes, and was, therefore, a responsible person for Sibwin during the first quarter. Under the *Slodov* interpretation of the statute, the district court's decision to the contrary is clearly erroneous.

Sibley also seeks to avoid being held a responsible person for the payment of the first quarter withholding taxes on the basis that, by the end of the quarter, he had no authority to pay the taxes or to order their payment. However correct the facts may be, the conclusion is faulty; Sibley was in charge of the corporation during most of the first quarter and was, therefore, under a duty to perform at least one of the functions enumerated in the statute—the collection of withholding taxes out of the compensation paid to Sibwin's employees. In *Slodov,* the Court specifically stated that an officer or employee need not be responsible for the payment of withholding taxes at the end of the quarter in order to be a responsible person for that quarter; it noted that otherwise "the penalties easily could be evaded by changes in officials' responsibilities prior to the expiration of any quarter." 436 U.S. at 247, 98 S.Ct. at 1785, 56 L.Ed.2d at 261–62. The district court's conclusion that Sibley was a responsible person is also correct because he was under a duty to pay over withholding taxes to the government through deposits of withholding trust funds during the first quarter.

### III.

A responsible person is liable for a § 6672 penalty only if he "willfully" fails to ensure that withholding taxes are paid. A voluntary, conscious, and intentional act, such as the payment of other creditors in preference to the United States, constitutes "willfulness." *E. g., Liddon v. United States,* 5 Cir. 1971, 448 F.2d 509, 513, *cert. denied,* 1972, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117; *Hewitt v. United States,* 5 Cir. 1967, 377 F.2d 921, 924. The responsible person also acts willfully if he proceeds with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the government. *See, e. g., Teel v. United States,* 9 Cir. 1976, 529 F.2d 903, 905; *Newsome v. United States,* 5 Cir. 1970, 431 F.2d 742, 746; *Monday v. United States,* 7 Cir. 1970, 421 F.2d 1210, 1216, *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48. The burden of proving lack of willfulness is on the taxpayer. *E. g., Anderson v. United States,* 8 Cir. 1977, 561 F.2d 162, 165; *Liddon v. United States, supra.*

Sibley argues that he did not "willfully" fail to pay withholding taxes because,

at the time the taxes became payable, he was no longer in a position to pay the taxes, and he did all he possibly could do to alert Brown to the necessity of paying the taxes. However, as we have already pointed out, Treasury regulations require withheld funds to be deposited during the quarter and do not merely impose a duty to pay them at the end of the period. Sibley's failure to make the withholding deposits required was itself "willful." By not making the deposits, Sibley acted with a reckless disregard for whether or not the United States would actually be paid. Even though Sibley may have hoped, or even intended, that funds would be available to pay the United States when the first quarter liability matured, his use of the withholding trust funds for other purposes in the interim made him liable for a Section 6672 penalty if the tax was not in fact paid. *See Newsome v. United States, supra; Teel v. United States, supra.*

 Both Brown and Sibley assert that all of Sibwin's funds were proceeds from construction carried on by interim financing; that a criminal statute, LSA–R.S. § 14:202,[5] restricts the use of such funds to payments for labor and materials used in the construction; and that, therefore, their failure to pay withholding taxes was not willful because there were no unrestricted funds available for payment of those taxes. For a number of reasons, their argument is without merit.

Although a responsible person does not act "willfully" within the meaning of § 6672 if he fails to apply funds subject to a prior perfected security interest created in good faith to payment of withholding taxes, it is doubtful that a generalized state statutory restriction on the use of *corporate* funds is an "encumbrance" that will excuse taxpay-ers from applying such funds to payment of withholding taxes. Nevertheless, it is unnecessary to decide that issue in this case, because LSA–R.S. § 14:202 does not prevent construction proceeds from being applied to payment of withholding taxes. Withheld taxes that an employer pays to the government on behalf of its employees are part of their compensation. Thus, Sibwin's payment of withholding taxes out of the proceeds from its construction would have been a payment of the wages due the corporation's employees, a use expressly permitted by the statute.

 Moreover, even if Section 14:202 did not permit construction proceeds to be used for withholding tax payments until labor and material suppliers were paid, Brown's and Sibley's general allegation that all of the corporation's funds were restricted would not have been sufficient to meet their burden of proof on the issue of their willfulness; it would have been necessary for them to show that the particular funds on hand during the first quarter were actually subject to the restrictions of Section 14:202, because, once labor and materials were paid, proceeds from construction could be used for any purpose, including payment of withholding taxes. In addition, the evidence, taken together with counsel's statements during oral arguments demonstrates that Sibwin was never adequately capitalized to meet its payroll and other obligations without borrowing funds. This failure to capitalize Sibwin adequately was itself willful. An employer may not simply arrange to pay its employees the net wages due them and, thereby, avoid paying withholding taxes to the government through the ruse of establishing a corporation with all of its funds encumbered or restricted to

---

5. Section 14:202, LSA R.S., provides:

Any person, contractor or subcontractor or agent of a contractor or subcontractor who has applied any money received on account of any contract including contracts and mortgages for interim financing, for the construction, erection, or repair of any building, structure, or other improvement to any other purpose than the settlement of claims for material and labor due or to become due for said construction or under the contract shall, in case of default on the contract, or default in payment of claims for material or labor, be fined not less than one hundred dollars nor more than five hundred dollars and imprisoned for not less than thirty days nor more than six months, and in default of fine, imprisoned for not less than thirty days nor more than six months additional.

uses other than the payment of withholding taxes. To permit this would be to allow the corporate promoters to make the government an unwilling financier for their obligations, a potential loser of the taxes due it, but never even a possible participant in the profits. In order to minimize the amount of personal funds placed at risk by "responsible persons," a newly formed corporation may be leveraged so that it operates largely on the basis of borrowed funds, but, responsible persons act "willfully" when they render the corporation unable to pay federal withholding taxes from the start of its operations unless it realizes profits; a source of funds should be available initially for payment of wages to employees and of withholding taxes to the government.

## IV.

■ Because we conclude that both Brown and Sibley are liable for § 6672 penalties, the issue arises whether their indebtedness is joint and several or whether they are each only severally liable, and therefore owe only a pro rata portion of the total penalty. The Eighth Circuit has held that liability under § 6672 is joint and several, *Hartman v. United States*, 8 Cir. 1976, 538 F.2d 1336, 1340, but this circuit has never decided the question. For reasons set forth below, we agree that the liability of responsible officers for the penalty provided in § 6672 is joint and several; therefore, it is unnecessary for an apportionment of liability to be made in this case.

The language of § 6672 indicates that each responsible person is liable for a penalty equal to the total amount of the withholding tax not paid to the government; it provides:

> "*Any person* required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax . . . shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

26 U.S.C. § 6672 (emphasis added). If Congress had intended § 6672 to impose only several liability, it would have provided that all of the responsible persons, *together,* were to be liable for the total amount of tax evaded. The legislative history of § 6672 does not touch upon this question, *see* H.Rep.No.1337, 83d Cong., 2nd Sess., *reprinted in* [1954] U.S.Code Cong. & Admin.News pp. 4017, 4568, S.Rep.No.1622, 83d Cong., 2nd Sess., *reprinted in* [1954] U.S.Code Cong. & Admin.News pp. 4621, 5245, H.Rep.No.2543, 83d Cong., 2nd Sess., *reprinted in* [1954] U.S.Code Cong. & Admin.News p. 5280, but joint and several liability is more consistent with the intent of Congress to ensure that withholding trust funds are turned over to the government; the government is more likely to recover the total taxes owed and the expected cost of such recovery will be less if liability is joint and several. It would be unduly burdensome for the government to have to sue each responsible officer in order to recover withholding taxes not paid voluntarily. In addition, there would be the risk that the government would not be able to recover the total amount owed if some responsible persons were judgment proof or if the number of officers found to be responsible varied from one suit to the next. Our conclusion that § 6672 liability is joint and several is also consistent with cases that have held that the existence of other responsible persons does not affect or preclude recovery of a § 6672 penalty in the amount of the entire tax owed from one of the persons responsible for a corporation's payment of withholding taxes, *see Braden v. United States*, 6 Cir. 1971, 442 F.2d 342, 343, *cert. denied*, 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185, and *Monday v. United States*, 7 Cir. 1970, 421 F.2d 1210, 1214, *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48, and with a Fifth Circuit case that held two officers liable for a § 6672 penalty for the same period without apportioning liability, *see Moore v. United States*, 5 Cir. 1972, 465 F.2d 514, *cert. denied*, 1973, 409 U.S. 1108, 93 S.Ct. 907, 34 L.Ed.2d 688.

Because the government has stated that its policy is to collect the total penalty only once, and that it will not attempt to exact that penalty separately and cumulatively

from each responsible person, it is unnecessary for us to decide whether it would be entitled to multiple collections of that liability. However, we note that the Eighth Circuit has held that the government is entitled to only one satisfaction, *Kelly v. Lethert*, 8 Cir. 1966, 362 F.2d 629, 635, and that this court has previously stated:

> While the penalty imposed by section 6672 is distinct from and not in substitution of the liability for taxes owed by the employer, it brings to the government only the same amount to which it was entitled by way of the tax.

*Newsome v. United States, supra*, 431 F.2d at 745 (footnote omitted). Double recovery by the government is not necessary to fulfill § 6672's primary purpose—protection of government revenues. *See, e. g., id.; Monday v. United States, supra*, 421 F.2d at 1216; *Botta v. Scanlon*, 2 Cir. 1963, 314 F.2d 392, 393.

For the foregoing reasons, the decision of the district court with respect to Sibley is AFFIRMED, and REVERSED with respect to Brown.