PER CURIAM.
 

 The government appeals from a judgment of the district court awarding attorney’s fees in this action brought pursuant to the Internal Revenue Code. The Civil Rights Attorney’s Fees Awards Act of 1976, 42 U.S.C. § 1988 (since amended), provided, in part, for the award of attorney’s fees as part of the costs “in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the Internal Revenue Code .. ..”
 

 The Internal Revenue Service sought to hold Slodov individually liable under 26 U.S.C. § 6672 for income taxes and social security taxes withheld from wages of employees of a corporation which he controlled but never paid over to the government. When the IRS made its claim Slodov was a debtor in proceedings under Chapter Xil of the Bankruptcy Act. The bankruptcy judge sustained Slodov’s objections to the government’s claim. On appeal the district court affirmed the order of the bankruptcy judge insofar as it related to taxes withheld by the corporation prior to the time Slodov took control, but reversed with respect to taxes withheld after the date of Slodov’s control. The district court held that the government had the right to apply payments which Slodov made after taking control to pre-existing tax obligations, regardless of whether there was an agreement that they would be applied only to current liabilities. Both parties appealed to this court, which reversed on appeal and cross-appeal.
 
 Slodov v. United States,
 
 552 F.2d 159 (6th Cir. 1977). The Supreme Court granted certiorari and reversed that portion of this court’s judgment which held Slodov liable for taxes collected prior to the time he took control of the corporation.
 
 Slodov v. United States,
 
 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978).
 

 After this court had complied with the mandate of the Supreme Court, 579 F.2d 400, Slodov filed an application for attorney’s fees in the bankruptcy court. The bankruptcy judge held that the issue of liability for pre-takeover trust fund deficiencies was a legitimate one which the government had the right to litigate. With respect to Slodov’s liability for taxes withheld after he took control, however, the bankruptcy judge had “little difficulty concluding that the claim .. . was meritless and brought in bad faith.” Fees of $25,000 were awarded for services in connection with the appeal to this court on the issue of Slodov’s liability for post-takeover taxes. The district court affirmed the award.
 

 On the original appeal to this court the government argued in its brief that there had been no designation or agreement that taxes paid over after Slodov took control of the corporation would be applied to current liabilities rather than to preexisting tax obligations, and that if there were such an agreement, it would not have been binding. The government later withdrew its argument that a designation or agreement would not be binding, but continued to contend that there had been none in this case. This court held that the finding of the
 
 *810
 
 bankruptcy judge that an agreement existed was not clearly erroneous and wo reversed the district court’s conclusion that Slodov was liable for post-takeover taxes. 552 F.2d at 162. The government did not seek review in the Supreme Court of that portion of our judgment. 436 U.S. at 241 n. 1, 98 S.Ct. at 1782 n. 1. Thus Slodov was clearly the prevailing party on issues related to tax liabilities which accrued after he took control.
 

 As we have noted, the bankruptcy court found that the government pursued its claim with respect to post-takeover taxes to this court in bad faith. We do not believe the record supports this finding. Though the bankruptcy judge originally found that an agreement existed, the district court did not review that finding because it concluded that even if an agreement existed it would not be binding on the government. When Slodov appealed to this court the government belatedly conceded that the district court had erred in its conclusion of law. Nevertheless, there had been no review of the bankruptcy judge’s findings of fact, and the government sought that review in this court. Upon the original appeal we found no evidence of bad faith in the government’s holding to its position,
 
 [1]
 
 and find none now. However, bad faith is not required for an allowance of attorney’s fees under section 1988. Fees may be awarded to a prevailing taxpayer “when there is a showing that the Government’s action was frivolous, harassing, vexatious, unreasonable, without foundation,
 
 or
 
 was instituted in bad faith.”
 
 Patzkowski
 
 v.
 
 United States,
 
 576 F.2d 134, 139 (8th Cir. 1978) (emphasis added). The government now concedes that Slodov was put to unnecessary expense by being required to respond to its later-abandoned argument that a designation or agreement for application of payments would not be binding. We believe the government’s unwillingness to abandon that position until the time of oral argument was unreasonable, and justifies an award of attorney’s fees.
 

 The attorney who represented Slo-dov in this court sent a bill for all his services at this level. The bill was for “about $12,000” which the attorney thought “fairly reasonable under the circumstances.” A separate agreement was made concerning payment for services in the Supreme Court. The bankruptcy court concluded that the $12,000 bill “was not an arm’s length transaction, but rather a minimal billing . . .. ” This conclusion is unwarranted. Though the attorney took into consideration when billing Slodov that his client had suffered severe financial losses, the bill was sent on the same day that an agreement was made for services in the Supreme Court which resulted in a further billing of approximately $55,000. When attorney’s fees are assessed against the government a court is limited to awarding reasonable amounts. In the absence of extraordinary circumstances not present here, an award should not exceed the amount which an attorney agreed to charge the client before the right to seek payment from the government materialized.
 

 We conclude that it was an abuse of discretion to award attorney’s fees of $25,-000 in this case. Since all services for which the award is permitted were performed in this court, instead of remanding we have reviewed the record and made a determination of reasonable fees. Two issues were involved in the appeal to this court. The attorney who represented Slodov set a fee of $12,000. We have determined that a fee may be awarded pursuant to § 1988 with respect to only one of the issues.
 

 The judgment of the district court is vacated, and the cause is remanded with directions to enter a judgment awarding attorney’s fees of $8,000.
 

 No costs are allowed.
 

 [1]
 

 . We directed that each party pay its own costs on the original appeal.