In the Matter of Ronald M. SEESKIN,
D/B/A Ronald M. Seeskin &
Company, Debtor.

MCNEILL & HSU, M.D.'S, INC., et
al., Plaintiffs,

v.

Charles W. MASSEY, Jr., et
al., Defendants.

No. C–1–87–988.

United States District Court,
S.D. Ohio, W.D.

July 1, 1988.

Robert J. Gehring, Cincinnati, Ohio, for plaintiffs.

Gregory Utter, Cincinnati, Ohio, for defendants.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon appeal from the judgment of the United States Bankruptcy Court for the Southern District of Ohio, Western Division. Appellants argue that the bankruptcy court erred by finding that Massey, Seeskin and Associates was not an actual partnership or a partnership by estoppel.

The determinative issue of law presented on this appeal involves the standard of review that the district court must apply in its review of a judgment of the bankruptcy court. Appellants contend that this Court is *not* limited by the "clearly erroneous" standards of Fed.R.Civ.P. 52(a) and Rule 8013 of Bankruptcy Procedure in reviewing the judgment of the bankruptcy court. Appellants rely on a line of case authority which has created an exception to the clearly erroneous standard of review by allowing for a de novo review of findings of the trial court by a reviewing court. *See Lydle v. United States,* 635 F.2d 763 (6th Cir. 1981); *S.E.C. v. Coffey,* 493 F.2d 1304 (6th Cir.1974), *cert. denied,* 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975); *Wedding v. Wingo,* 483 F.2d 1131 (6th Cir.1973), *aff'd.,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed. 2d 879 (1974). Basically, the exception has been applied when the reviewing court was in as good a position as the trial court to view the evidence and arrive at a conclusion on credibility of the evidence.

The theory represented by this exception was addressed by the United States Supreme Court in *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985):

This theory has an impressive genealogy, having first been articulated in an opinion by Judge Frank and subscribed to by Judge Augustus Hand, *see Orvis v. Higgins* [180 F.2d 537 (2d Cir.1950)], but it is impossible to trace the theory's lineage back to the text of Rule 52(a), which states straightforwardly that 'findings of fact shall not be set aside unless clearly erroneous.' That the Rule goes on to emphasize the special deference to be paid credibility determinations does not alter its clear command: Rule 52(a) 'does not make exceptions or purport to exclude certain categories of factual findings from the obligation of a court of

appeals to accept a district court's findings unless clearly erroneous.' (citations omitted).

*Id.* at 574, 105 S.Ct. at 1512.

Appellants' theory, therefore, is subject to serious challenge. What appellants ask, in effect, is that this district court try this bankruptcy case de novo, reject nearly all of the findings of the bankruptcy court, and substitute contrary findings of its own. This Court finds such a theory inappropriate and contrary to the policies of appellate review.

The cases cited as authority supporting de novo review involve situations where all the facts were stipulated, where purely legal questions were presented, where the trial court's decision was grounded totally on the pleadings, affidavits, depositions and briefs, or where no witnesses were called. The case at bar differs dramatically from those cases in significant aspects.

In this case, numerous facts were controverted; the credibility, intent and demeanor of the witnesses were particularly important; eleven witnesses were called over three days of trial. The two factual issues in the case were whether Massey and Seeskin had actually formed a partnership or whether they were estopped to deny the existence of a partnership. Necessary to the resolution of those issues were inquiries into the parties' intentions with regard to the actual partnership and into any reasonable reliance on representations if any were made with regard to the estoppel claim. These issues were in dispute and required the trial court to assess the demeanor and credibility of the witnesses and their testimony. The United States Supreme Court, in *United States v. Yellow Cab Co.*, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949), emphasized the reasoning and importance of deferring to the trial court's findings in such situations:

> [F]or triers of fact totally to reject an opposed view impeaches neither their impartiality nor the propriety of their conclusions ... Findings as to the design, motive and intent with which men act depend peculiarly upon the credit given

to witnesses by those who see and hear them.

*Id.* at 341, 70 S.Ct. at 179; *see also Wedding,* 483 F.2d at 882.

Rule 8013 of the Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure provide the controlling standard for this Court's review in this matter.

Bankruptcy Rule 8013 imposes the clearly erroneous standard of review on findings of fact made by the bankruptcy court:

> On an appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The United States Court of Appeals for the Sixth Circuit has reaffirmed this standard most recently in *Johnson & Associates, Inc. v. Johnson,* 845 F.2d 1395 (1988):

> Findings of fact by a bankruptcy court shall not be set aside unless clearly erroneous ... This circuit has clearly enunciated that findings of fact of a bankruptcy court should not be disturbed by the district court judge unless there is 'most cogent evidence of mistake or miscarriage of justice.' Citing, *Slodov v. United States,* 552 F.2d 159, 162 (6th Cir. 1977), *reversed on other grounds,* 436 U.S. 238, 98 S.Ct. 54, 54 L.Ed.2d 72 (1978).
>
> As an appellate court in this [bankruptcy appeal] proceeding, the district court may not make its own independent factual findings.

*See also In re Rosinski,* 759 F.2d 539 (6th Cir.1985).

Rule 52(a) of the Federal Rules of Civil Procedure provides the standard governing appellate review in general: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to

judge of [sic] the credibility of the witnesses."

The Supreme Court has instructed that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). The Supreme Court has further explained this concept:

> This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court.

*Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511. It is clear that the reviewing court may not reverse a trial court's account of the evidence if that account is plausible in light of the record viewed in its entirety, even though the reviewing court is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently; the reviewing court's function is not to decide the factual issues de novo. *Id.* at 574, 105 S.Ct. at 1511–12; *see also Yellow Cab*, 338 U.S. at 342, 70 S.Ct. at 179–80; *see also Inwood Laboratories. Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

The Supreme Court in *Anderson* has emphasized the importance of the rule:

> When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said. *See Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). This is not to suggest that the trial judge may insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness.

> The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade [judges] at the appellate level is requiring too much. As the Court has stated in a different context, the trial on the merits should be 'the main event' ... rather than a 'tryout on the road.' *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). For these reasons, review of factual findings under the clearly-erroneous standard—with its deference to the trier of fact—is the rule, not the exception.

*Anderson*, 470 U.S. at 574–75, 105 S.Ct. at 1512.

Based upon the foregoing, this Court finds appellants' argument that this case represents an exception to the clearly erroneous standard unpersuasive.

It is this Court's duty to correct clear error, even in findings of fact, however, the appellants have failed to establish that the bankruptcy court erred in deciding that the evidence preponderated in favor of defendant-appellees, let alone that such determination was clearly erroneous. A decision choosing between two permissible views of the weight of the evidence is not clearly erroneous. *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511–12; *Yellow Cab*, 338 U.S. at 342, 70 S.Ct. at 179–80; *Inwood Laboratories, Inc.*, 456 U.S. at 857, 102 S.Ct. at 2190.

The decision of the bankruptcy judge in this case is supported by an opinion which

analyzes the evidence and explains the legal and factual reasoning for his findings. This Court is convinced that his findings represent the considered judgment of an able bankruptcy judge who had the unique opportunity to sit as the trier of the facts. Upon examining the record in light of the rule and instructions of the United States Court of Appeals for the Sixth Circuit and the Supreme Court of the United States, this Court finds that it contains nothing to justify a finding that the conclusion of the bankruptcy court was clearly erroneous.

Accordingly, the decision of the bankruptcy judge in favor of defendant-appellees is supported by substantial credible evidence, his findings of fact are not clearly erroneous and, therefore, are not subject to reversal. The decision of the bankruptcy court is hereby AFFIRMED and judgment shall be entered accordingly.

IT IS SO ORDERED.