Robert J. **BRADEN**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant-Appellee,**

v.

John F. **BONISTALL**, Third-Party
**Defendant-Appellant.**

No. 20821.

United States Court of Appeals,
Sixth Circuit.

May 21, 1971.

John F. Bonistall, in pro. per.

William M. Brown, Tax Division, Dept. of Justice, Washington, D. C., for defendant-appellee; Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Bennet M. Hollander, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief; William W. Milligan, U. S. Atty., Columbus, Ohio, of counsel.

Before CELEBREZZE and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

■ This action was instituted by Robert J. Braden, the sole owner of a corporation, against the United States to recover amounts paid on a penalty assessed against him for failure to pay over to the United States federal income and social security taxes withheld from the wages of the corporation's employees, in violation of Section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672 (1964). The Government interpleaded the Appellant, an officer of the corporation during all relevant periods, as a third-party defendant, alleging that he was equally liable, with Braden, for the penalty. The case was tried without a jury; the District Court held in favor of the Government and entered judgment against Braden and the Appellant, 318 F.Supp. 1189. Braden has not appealed the adverse decision; the Appellant has. The sole issue he raises is whether there is sufficient evidence on the whole record to support the District Court's findings.

Section 6672 of the Internal Revenue Code of 1954 provides that any person who is responsible for the collection and payment over of any tax, who "willfully" fails to collect or pay such tax, is liable for a penalty equal to the amount of the unpaid tax.

There is no dispute that during the periods relevant to this case, federal income and social security taxes which had been withheld from the wages of the corporation's employees were not paid over to the United States Treasury. There is a direct conflict in the testimony, however, concerning whether the Appellant was responsible for the payment of the taxes and, if he was, whether his nonpayment was "willful."

■ Concerning the issue of responsibility for payment, Braden testified that, during the relevant periods, the Appellant was "president and general manager" of the corporation and that "he had the duty, complete duties to take care of everything or see that it was done." By Braden's account, the Appellant had plenary responsibility of all corporate affairs, including the payment of creditors and the power to prefer one over another. The Appellant testified, however, and argues on appeal that he was hired merely as a "general *sales* manager" with authority merely in product development and marketing. The District Court credited the testimony of Braden and discredited the Appellant's. We cannot say that this credibility determination was improper or incorrect. Rule 52(a), Federal Rules of Civil Procedure. Furthermore, the existence of the same duty and concomitant responsibility in Braden did not relieve the Appellant of his responsibility. *See* Monday v. United States, 421 F.2d 1210, 1214 (7th Cir. 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

The next conflict in the testimony was over whether the Appellant knew of the deficiencies and intentionally failed to pay them. If the Appellant was aware of the fact that the taxes were unpaid, and, possessing the power and responsibility to pay them, failed to do so, then he is liable for the penalty of section 6672 notwithstanding his lack of malice or wrongful purpose. Monday v. United States, *supra*, 421 F.2d *at* 1215–1217; Dudley v. United States, 428 F.2d 1196, 1198 (9th Cir. 1970); Pacific National Insurance Company v. United States, 422 F.2d 26, 33 (9th Cir. 1970), cert. denied, 398 U.S. 937, 90 S.Ct. 1838, 26 L. Ed.2d 269. Not only did the Appellant admit that, from his prior business experiences, he was aware of the corporate obligation to withhold and pay over federal income and social security taxes, but the testimony of Roach and Braden establishes that he was aware that said taxes were due, owing, and unpaid, and that, with this knowledge, he preferred other creditors over the United States. This testimony appears in the record of the case, and we cannot say that the District Court was clearly in error in crediting it. Rule 52(a), Federal Rules of Civil Procedure.

The judgment of the District Court is affirmed.