William F. MUELLER, Plaintiff-Appellant,

v.

R. I. NIXON, Former District Director of Internal Revenue Service, et al., Defendants-Appellees.

No. 72-1237.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 1972.

Frederick William Heath, Shea, Shea, Heath & Solner, Birmingham, Mich., for plaintiff-appellant.

Murray S. Horwitz, Washington, D. C., for defendants-appellees. Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., of counsel.

Before EDWARDS and MILLER, Circuit Judges, and BRATCHER,* District Judge.

* Honorable Rhodes Bratcher, United States District Judge for the Western District of Kentucky, sitting by designation.

EDWARDS, Circuit Judge.

Appellant appeals from a judgment entered in the United States District Court for the Eastern District of Michigan dismissing his suit for refund of taxes paid and entering judgment for the United States [1] on the government's counterclaim.

Dearborn Machinery Movers, Inc., got into serious financial trouble and procured from Builders Finance Company, Inc., a loan of $150,000 to enable it to keep operating. Under the contract executed on April 19, 1962, between Dearborn and Builders, an assignment of Dearborn's accounts receivable to Builders was made and two of Builders' employees were put in charge of Dearborn's operations. Appellant Mueller was the principal officer so designated and it appears clear to us, as it did to the District Judge, that he had absolute power of control of the operations of Dearborn during the critical times involved here (although we note appellant's vigorous denial that he ever exercised all of these powers). It also appears that he had knowledge of the fact that Dearborn was in default in payments of taxes withheld from its employees and due to be paid to the United States government (although it is likewise clear that appellant did not make out the tax returns or actually determine priority of payments on debts).

Dearborn went into bankruptcy and the government realized only 41.5% of its tax claim.

The case was tried before a District Judge who entered detailed findings of fact in general accord with the description of the case set out above. The District Judge dismissed appellant's complaint and entered judgment on the government's cross-complaint for $196,283 against both Builders and Mueller.

Appellant contends that the District Court's holding that appellant was liable to the United States for failure to cause payment to the United States of the Dearborn employees' withholding and social security taxes was erroneous as a matter of law. He also contends that the District Court's findings that appellant was under a duty to collect and pay over said taxes and willfully failed to do so were clearly erroneous.

He also contends that the District Judge erred in admission of a C.P.A.'s testimony which was privileged under Michigan law and that he failed properly to compute the amount (if any) which was due on the judgment.

We find no substance to appellant's contentions that the findings of the District Court were clearly erroneous. We find no prejudicial error in the District Judge's rulings on admission of evidence, nor in the computation of the judgment. We note that the last issue was not raised before the District Court, and in any event, is without legal merit.

We believe that the findings and conclusions of law of the District Judge clearly implied that appellant was a "person" within the meaning of 26 U.S. C. § 6671(b) (1970). But we believe appellant also disputes whether he could legally be held to be such a person under § 6671(b) of the Internal Revenue Code, and therefore liable under 26 U.S.C. § 6672, which contains this definition:

> *(b) Person defined.*—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

This language does not by its specific words apply to appellant Mueller. He clearly was not an officer or employee of the corporation which owed these taxes. The government concedes this but claims that under settled case law the courts

---

1. Trial was had before United States District Judge Wade H. McCree, Jr. Judge McCree decided this case, however, after he became a Judge of the United States Court of Appeals for the Sixth Circuit, but while serving as a United States District Judge by special designation.

have expanded this definition to include someone who by a contract is given the full power of control associated with the powers of a corporate officer. In this respect the government relies upon Pacific National Insurance Co. v. United States, 422 F.2d 26 (9th Cir.), cert. denied, 398 U.S. 937, 90 S.Ct. 1838, 26 L. Ed.2d 269 (1970), and United States v. Graham, 309 F.2d 210 (9th Cir. 1962). This court has dealt with this same statute (and cited the *Pacific National Insurance* case) in Braden v. United States, 442 F.2d 342 (6th Cir. 1971). It does not appear, however, that we have passed on the question of interpreting the statutory definition of a "person" to include persons actually in control of a corporation, although only as de facto officers.

The definition of "person" employed by Congress is not phrased in terms of exclusion. The language, "The term 'person' . . . includes an officer or employee of a corporation, or a member or employee of a partnership," is exemplary in nature. On this point we agree with the following language of the Ninth Circuit:

> The definition of "persons" in section 6671(b) indicates that the liability imposed by section 6672 upon those other than the employer is not restricted to the classes of persons specifically listed—officers or employees of corporations and members or employees of partnerships. "[B]y use of the word 'include[s]' the definition suggests a calculated indefiniteness with respect to the outer limits of the term" defined. First National Bank In Plant City, Plant City, Florida v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969). As we said in United States v. Graham, 309 F.2d 210, 212 (9th Cir. 1962): "The term 'person' does include officer and employee, but certainly does not exclude all others. Its scope is illustrated rather than qualified by the specified examples." Pacific National Insurance Co. v. United States, *supra* 422 F.2d at 30. (Footnotes omitted.)

If we turn to the basic section of the Revenue Code which imposes liability, we find support for this interpretation:

> § *6672: Failure to collect and pay over tax, or attempt to evade or defeat tax*

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. 26 U.S.C. § 6672 (1970).

■ As we read this section, it is squarely addressed to the person or entity responsible for the payment of the withheld taxes. It is knowledge of the tax delinquency and authority over the decision to pay or not to pay the taxes which is at issue—not who has the duty of filling out the forms. This is the view which numerous courts have taken, even though the authority possessed by the person did not arise out of any "officer or employee" status with the "employer." United States v. Graham, 309 F.2d 210 (9th Cir. 1962); White v. United States, 372 F.2d 513, 178 Ct.Cl. 765 (1967); United States v. Lawrence, 327 F.Supp. 650 (N.D.Texas 1971); Regan & Co. v. United States, 290 F. Supp. 470 (E.D.N.Y.1968); Walker v. United States, 68–1 U.S.T.C. ¶ 9370 (W. D.Okl.1968); Melillo v. United States, 244 F.Supp. 323 (E.D.N.Y.1965); National Bank of Commerce of Houston v. Phinney, 65–2 U.S.T.C. ¶ 9512 (S.D.Texas 1965); Tiffany v. United States, 228 F.Supp. 700 (D.N.J.1963).

■ We believe that appellant was a "person" within the meaning of 26 U.S. C. § 6671(b) (1970) who was "required to . . . pay over such tax" within the meaning of § 6672, and that he "willfully" failed to do so.

In deciding to endorse this broad interpretation of the statutory definition of a "person" in 26 U.S.C. § 6671(b), and to give § 6672 the full meaning which we believe Congress intended, we have been conscious of the harsh nature of the penalty provisions as they may affect an individual like appellant.

The tax sums involved in this proceeding, however, are all definite amounts which have been withheld from employees' wages in trust for the United States government. Absent stringent measures to protect these funds, they might easily be available to finance a business which was in a hazardous or failing condition. In our judgment Congress intended to prevent this.[2]

The judgment of the District Court is affirmed.

---

2. We note that Congress has dealt specifically with creditor control problems in a statute adopted some years after the tax period involved herein. *See* 26 U.S.C. § 3505 (1970).