In re John R. BEISHLINE, Bankrupt.

John R. BEISHLINE, Plaintiff,

v.

UNITED STATES of America (INTERNAL REVENUE SERVICE), New York State Department of Taxation and Finance, Defendants.

Bankruptcy No. 76–2675 M.

Adv. No. 250 M.

United States Bankruptcy Court,
W.D. New York.

Feb. 23, 1982.

Robert S. Weinstein, Buffalo, N.Y., for plaintiff-bankrupt.

Roger P. Williams, U.S. Atty., Buffalo, N.Y. (Steven Toscher, Tax Div., U.S. Dept. of Justice, Buffalo, N.Y., of counsel), for U.S.

BERYL E. McGUIRE, Bankruptcy Judge.

John R. Beishline, plaintiff in this action, filed a voluntary petition in bankruptcy on August 13, 1976. On November 23, 1976, the Internal Revenue Service (I.R.S.) made a personal assessment against plaintiff for the failure of Triangle Design, Inc. to pay over federal income and social security taxes that were withheld from the wages of its employees during the fourth quarter of 1974. Pursuant to that assessment, on January 20, 1977, the I.R.S. filed a notice of tax lien in the amount of $7,426.27.

In this adversary proceeding, plaintiff alleges that the tax lien is a dischargeable

debt under section 17(a) of the former Bankruptcy Act. Defendant I.R.S. denies that the debt is dischargeable and counterclaims for the amount assessed, plus statutory interest thereon.

A trial was held on January 14, 1982. Decision was reserved.

## I

This Court has jurisdiction of both the parties and the subject matter. Bankruptcy Act § 2a(2); 11 U.S.C. § 11(a)(2).

## II

The following facts were established at trial.

Triangle Design, Inc. was a New York corporation engaged in the business of providing engineering and drafting services. The corporation was formed in June, 1967, by Robert G. Potratz, John R. Beishline and Clayton Gisman. Soon after its formation, Clayton Gisman sold his ownership interest in the corporation to Mr. Beishline and Mr. Potratz. After Gisman's departure, Mr. Beishline and Mr. Potratz became 50 percent shareholders in Triangle Design, Inc., and remained so until July, 1975, when plaintiff resigned from the corporation.

From 1967 to July of 1975, plaintiff was not only a 50 percent shareholder of the corporation; he was also an officer (vice president and treasurer) and member of its board of directors. Additionally, as one of the two men who essentially ran the business, plaintiff possessed the authority to hire and fire employees, and, together with Mr. Potratz, jointly signed all checks of the corporation.

The corporation experienced financial difficulties in 1974. Both Mr. Beishline and Mr. Potratz testified that the company's financial problems were often discussed at business meetings two or more times per month. Frequently, the conversations focused on the corporation's inability to pay withholding taxes.

During the last months of 1974 and the first six months of 1975, plaintiff, along with Mr. Potratz, made decisions and exercised significant control regarding the priority of the payment of corporate creditors. The testimony revealed that plaintiff was aware that the income and social security taxes were not being paid over to the Government yet, while fully aware, signed corporate checks and caused and allowed corporate funds to be disbursed to creditors other than the United States.

On November 22, 1976, a delegate of the Secretary of the Treasury timely made a 100 percent penalty assessment against plaintiff in the amount of $7,426.27 pursuant to Internal Revenue Code, section 6672.

## III

Section 6672 provides in part:

Any *person* required to collect, truthfully account for, and pay over any tax imposed by this title who *willfully* fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable [to the government] to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. [*Emphasis added.*]

The determination of whether plaintiff may discharge the taxes assessed against him depends on whether he is a responsible "person" within the meaning of section 6672 and, if so, whether he "willfully" failed to collect the withholding taxes. From the evidence presented at trial, it is clear that Mr. Beishline was a responsible person and that he willfully failed to pay over the taxes in question.

### a) *Plaintiff Was a Responsible Person Within the Meaning of Section 6672*

■ At least six considerations have been utilized by various courts to determine whether an individual is responsible for the collection or remittance of trust fund taxes. These include: 1) whether the person had authority to sign checks drawn on the employer's bank account; 2) whether the per-

son signed the employer's tax returns; 3) whether, in the case of a corporation, the person was an officer, director, or shareholder; 4) whether he had a stake in the fruits of the entrepreneurial success of the employer (either through stock ownership, other financial interest, or by virtue of his employment) so as to be tempted to illegally divert to the corporation those funds withheld from the wages of the corporate employees; 5) whether he had the power to hire and fire employees; and 6) whether he controlled, either alone or in conjunction with others, the financial affairs of the corporation. *United States v. Sotelo,* 436 U.S. 268, 279–80, n. 12, 13, 98 S.Ct. 1795, 1802–1803, 56 L.Ed.2d 275 (1978); *Datlof v. United States,* 252 F.Supp. 11, 32–33 (E.D. Pa.1966).

Here, the plaintiff was the vice president and treasurer of the corporation, a 50 percent stockholder, a creditor, and a guarantor of Triangle Design, Inc. He was also authorized and required to sign corporate checks along with Mr. Potratz. The evidence also shows that the plaintiff had a stake in the entrepreneurial success of the corporation by virtue of his 50 percent ownership of the corporation and the fact that he had taken out personal loans which were ultimately for the benefit of the corporation. The corporation was run by plaintiff and Mr. Potratz, and despite plaintiff's awareness that the fourth quarter withholding taxes were not paid over to the United States, the plaintiff allowed other creditors to be paid.

b) *Plaintiff "Willfully" Failed to Pay Over the Taxes Due for the Fourth Quarter of 1974*

■ The word "willful" in section 6672 means intentional, knowing, or voluntary, as distinguished from accidental. *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir. 1974) *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975); *Harrington v. United States,* 504 F.2d 1306, 1316 (1st Cir. 1974); *Datlof,* 252 F.Supp. at 33. From the evidence at trial, it is clear that plaintiff knew the taxes were due and failed to pay them. Such knowledge is sufficient to constitute willfulness in this context; "willful" does not mean an act done with a bad purpose or evil motive. *See, Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir. 1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). Moreover, a responsible person's desire to keep the business going does not excuse him from the obligation imposed by section 6672. *Braden v. United States,* 318 F.Supp. 1189 (S.D.Ohio 1970), *aff'd.,* 442 F.2d 342 (6th Cir.1971). Thus, even plaintiff's desire to keep the business going does not excuse him, as a responsible person, from the obligation imposed by section 6672.

■ Based on the facts presented, it is clear plaintiff was a responsible person who willfully failed to remit the withholding taxes to the Government. Accordingly, this Court holds that the tax assessment against plaintiff is nondischargeable under the provisions of section 17(a)(1)e of the former Act (formerly § 35(a)(1)(e), Title 11 U.S.C.).

Submit order and judgment on three days notice.