701 F.2d 179
 82-1 USTC P 9328
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Meridian Industries, Inc., Plaintiff-Counter Defendant/Appellant
v.
United States of America, Defendant-Counter Plaintiff/Appellee.
 No. 81-1022.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1982.
 
 1
 Before BROWN, Circuit Judge; WEICK, Senior Circuit Judge; and PORTER,* Senior District Judge.
 
 Order
 
 2
 Meridian Industries, Inc. (Meridian) is a manufacturer of automobile parts and supplies in Michigan. In 1971 Meridian sold one of its divisions, the Enterprise Machine Products Division, to two of Meridian's former executives, Frank Boyer and Henry Bachman, who founded the Enterprise Machine Products Corporation (Enterprise). Enterprise issued a promissory note for $1,241,561.00 to Meridian to finance the sale. The note was secured by Enterprise's assets.
 
 
 3
 By the end of 1973, it had become clear to Meridian that Enterprise was in serious financial difficulty and was unlikely to ever make any principal payments on its defaulted promissory note. Rather than foreclose on the defaulted note, Meridian instead prevailed upon Bachman and Boyer to enter into a voting trust agreement on January 23, 1974. This agreement gave Meridian absolute control over Enterprise's operations; it provided as follows: (1) voting rights in Enterprise stock were relinquished by the stockholders of Enterprise and placed in the hands of three trustees: Edward Martin, Meridian's treasurer, Martin Seward, Meridian's controller, and Joseph Ulicny, Meridian's vice president; (2) the trustees replaced Enterprise's former directors; (3) the trustees, as directors, appointed Ulicny as president and treasurer of Enterprise; (4) the trustees could be replaced at any time by Meridian; and (5) only Meridian had power to terminate the voting trust agreement.
 
 
 4
 Ulicny immediately assumed control of Enterprise's daily operations, and his position as Meridian's vice-president was eliminated because of consolidation moves by Meridian. He became aware of Enterprise's unpaid withholding tax liability through Enterprise's controller during March, April and May of 1974, and attempted to get outside funding to pay it off. Ulicny authorized the payment of other creditors of Enterprise during that period.
 
 
 5
 Ulicny's efforts to revive or refinance Enterprise were unsuccessful, and the voting trust agreement was terminated on June 7, 1974. Enterprise's primary lender foreclosed on its security interest in Enterprise's assets in mid-June of 1974, and Meridian subsequently recovered some funds as the junior creditor. The United States assessed an unpaid withholding tax liability of $79,696.34 on July 19, 1977 against Meridian, Basil Briggs (Meridian's chairman of the board), and Ulicny, all of whom were claimed to be "responsible persons" subject to the 100% penalty under 26 U.S.C. Sec. 6672 (1976) for willful failure to pay over to the United States Treasury taxes withheld from Enterprise's employees. A default judgment was entered against Ulicny. Meridian and Briggs made payments of $1,341.98 and $647.22 on the tax liability, then sought refunds in the United States District Court for the Eastern District of Michigan. The United States counterclaimed for judgment on the entire amount of the assessment. After trial, District Judge Churchill determined that Briggs was not a "responsible person" for purposes of liability but he did enter judgment for the entire amount of the penalty against Meridian. The United States did not appeal the district court's determination that Briggs was not a "responsible person."
 
 
 6
 On appeal, Meridian contends that the district court erroneously concluded that Ulicny was Meridian's agent; consequently, it also contends that Meridian had no control over the decision whether or not the accrued withholding tax liability would be paid and that Ulicny's knowledge that the taxes were not paid over to the Treasury cannot be imputed to Meridian. This argument is without merit. As the district court determined, Meridian exercised complete control over Enterprise during the period in question through its trustees under the voting trust agreement and through placing its agent Ulicny in total command of Enterprise's daily operations. Although Ulicny may have been interested in acquiring Enterprise for his own benefit, there is no doubt from the record that he was directing the affairs of Enterprise at that time for Meridian's benefit and subject to Meridian's direction. Accordingly, the district court correctly determined that Meridian was a "responsible person" for assessment of the Sec. 6672 penalty, and had the requisite "willfulness" to be held liable for that penalty. Builders Finance Co., Inc. v. United States, 352 F.Supp. 491 (E.D.Mich.1970), affirmed sub nom. Mueller v. Nixon, 470 F.2d 1348 (6th Cir.1972), cert. denied, 412 U.S. 949 (1973).
 
 
 7
 It is hereby ORDERED that the judgment of the district court be AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, Senior United States District Judge for the Southern District of Ohio, sitting by designation