Roy J. McGLOTHIN and Jack J. Surnow, Third-Party Defendants-Appellants,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff-Appellee.

No. 81–1772.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 12, 1983.

Decided Nov. 1, 1983.

Richard E. Zuckerman, Fred A. Foley, Raymond, Rupp & Wienberg, Troy, Mich., Michael S. Surnow, Detroit, Mich., for third-party defendants-appellants.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., J.A. Nathanson, Gilbert S. Rothenberg, William P. Wang, Tax Div., Dept. of Justice, Washington, D.C., for defendant and third-party plaintiff-appellee.

Before ENGEL and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This is an appeal from the judgment of the district court against appellants, pursuant to a jury verdict, holding each appellant liable under Section 6672 of the Internal Revenue Code of 1954 [1] for unpaid income and social security taxes withheld from the wages of employees of two corporations for the third quarter of 1973.

Appellant McGlothin filed a motion to waive oral argument and to submit the case on briefs. Appellant Surnow adopted the brief and appendix of McGlothin. The Government also has waived oral argument. Accordingly the case has been submitted to the Court on the record and the briefs of the parties.

The Government sued McGlothin and Surnow for unpaid income and social security taxes withheld from the wages of employees of the Garity Construction Company for the second and third quarters of 1973 and unpaid income and social security taxes withheld from the wages of employees of Wolverine Heavy Movers, Inc. for the third quarter of 1973.

Senior District Judge Ralph M. Freeman submitted ten special verdict questions to the jury. The jury found that neither McGlothin nor Surnow was liable to the Government with respect to taxes withheld from Garity employees for the second quarter of 1973 but that both were liable for such taxes withheld from Garity employees during the third quarter of that year; and that both McGlothin and Surnow were liable with respect to taxes withheld from the wages of Wolverine employees for the third quarter of 1973.

The district court rendered judgment in accordance with the jury verdict in favor of the Government and against McGlothin for $90,833.04 plus interest, and against Surnow for $92,252.20 plus interest.[2]

Appellants assert two grounds for reversal: (1) That the district judge erred in failing to instruct the jury that neither McGlothin nor Surnow was a "responsible person" under 26 U.S.C. § 6672; and (2) the district court erred in overruling their motion for a directed verdict because of the

1. 28 U.S.C. § 6672, applicable at the time of this litigation, provided as follows:

Failure to collect and pay over tax, or attempt to evade or defeat tax.

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . .

2. The complaint in this case was filed by Thomas P. Garity, who is not a party to this appeal. The Internal Revenue Service had assessed Garity for federal withholding and FICA taxes that had been collected from employees of three corporations, including Garity Construction Company and Wolverine Heavy Movers, Inc. Garity paid a nominal amount of the assessment and filed a claim for refund. When the Internal Revenue Service denied the claim for refund, Garity filed suit in the district court seeking return of the money he had paid.

The Government filed a counterclaim against Garity and a third party complaint against McGlothin and Surnow. Pursuant to the verdict of the jury, the district court rendered judgment in favor of the Government against Garity for $121,503.33 plus interest. Garity did not appeal.

8

absence of any credible evidence establishing that they willfully preferred other creditors over the Government, rather than paying to the Government trust fund taxes withheld from the wages of employees.

Upon an examination of the voluminous record, this court concludes that the district court did not err in submitting the case to the jury and in denying the motion for a directed verdict; that the district judge did not err in refusing to give a jury instruction submitted by appellants regarding the concept of a "responsible person" under Section 6672; and that the jury verdict is supported by adequate evidence. Accordingly, we affirm the judgment of the district court.

An employer is required by statute to deduct and withhold income and social security (FICA) taxes from the wages it pays to employees. 26 U.S.C. §§ 3102(a) and 3402(a). The withheld taxes are a special trust fund for the United States. 26 U.S.C. § 7501. These "trust fund taxes" are for the exclusive use of the Government and are not to be used to pay the employer's business expenses, including salaries, or for any other purpose. 26 U.S.C. §§ 3102(b), 3403 and 7501(a); *Braden v. United States,* 318 F.Supp. 1189, 1195 (S.D.Ohio 1970), *aff'd* 442 F.2d 342 (6th Cir.1971), *cert. denied sub nom. Bonistall v. Braden,* 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971).

■ Withholding taxes "are not simply a debt. They are part of the wages of the employee, held by the employer in trust for the government." *Kalb v. United States,* 505 F.2d 506, 509 (2d Cir.1974), *cert. denied* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975).

Congress enacted Section 6672 to protect the Government against losses by providing it with another source from which to collect the withheld taxes. "Despite its denomination as a 'penalty' assessment, the statutory liability imposed by Section 6672 is essentially civil in nature." *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.1970) *cert. denied* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). "While this liability is denominated 'penalty' it is 'to be assessed and collected in the same manner as taxes

are assessed and collected'." *Bloom v. United States,* 272 F.2d 215, 221 (9th Cir. 1959) *cert. denied* 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960). Section 6672 provides that "any person" who willfully fails to account for and pay over such taxes shall be liable for the full amount not paid over to the Government. Liability attaches if an individual meets two requirements. He must be a "responsible person" under the statute, and he must "willfully" fail to pay over to the Government the amount due. *Maggy v. United States,* 560 F.2d 1372, 1374 (9th Cir.1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978); *Mueller v. Nixon,* 470 F.2d 1348, 1350 (6th Cir.1972), *cert. denied* 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1001 (1973).

■ To be "responsible" within the meaning of Section 6672, it is not necessary that a person be the one who prepared the tax returns, kept the books and records, paid the wages or withheld the taxes. *Hartman v. United States,* 538 F.2d 1336, 1340 (8th Cir.1976); *Genins v. United States,* 489 F.2d 95, 96 (5th Cir.1974); *White v. United States,* 372 F.2d 513, 517–518, 178 Ct.Cl. 765 (1967). "[T]here need not be present an intent to defraud or deprive the United States of the taxes collected or withheld for its account, nor need bad motives be present in order to invoke the sanctions ..." *Bloom supra,* 272 F.2d at 223. If one had the authority over the decision to pay or not to pay the taxes to the Government, that person qualifies as a "responsible person" under Section 6672. *Mueller v. Nixon, supra,* 470 F.2d at 1350. In *Pacific National Insurance Co. v. United States,* 422 F.2d 26, 31 (9th Cir.1970), *cert. denied,* 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970) (cited with approval by this Court in *Mueller, supra,* 470 F.2d at 1350), the court stated that Section 6672 was "designed to cut through the shield of organizational form and impose liability upon those actually responsible for the employer's failure to ... pay over the tax."

There is no doubt that the trust funds for the third quarter of 1973 were withheld from the wages of employees of the two

corporations in question and that these funds were expended to pay other corporate creditors.

 The question of whether McGlothin and Surnow were responsible persons under Section 6672 was submitted to the jury. The jury made a factual determination that as to the payments due to the Government for taxes on wages withheld during the third quarter of 1973, both appellants were responsible persons. There is adequate evidence in the record to support the verdict of the jury.

Appellants contend that even if they were "responsible persons" under Section 6672, they cannot be liable because they did not act willfully. Reliance is placed on *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978), which held that a responsible person "may violate the 'pay over' requirement [of Section 6672] by willfully failing to pay over trust funds collected prior to his accession to control when at the time he assumed control the corporation has funds impressed with a trust under § 7501, but that § 7501 does not impress a trust on after-acquired funds, and that the responsible person consequently does not violate § 6672 by willfully using employer funds for purposes other than satisfaction of the trust-fund tax claims of the United States when at the time he assumed control there were no funds with which to satisfy the tax obligation and the funds thereafter generated are not directly traceable to collected taxes referred to by that statute." 436 U.S. at 259–60, 98 S.Ct. at 1791.

Appellants contend there is no evidence in the record to indicate that they knew of the unpaid taxes prior to September 18, 1973. We disagree with this contention. Although there may have been conflicting evidence on this issue, the question was submitted to the jury. The jury found that appellants were responsible persons who permitted trust funds to be expended for other purposes and that their actions were willful. *Slodov* is distinguishable. In that case, Slodov, a responsible person, assumed control of the corporation at a time when it had no assets. The Supreme Court held that Section 7501 "does not impose a trust on after-acquired funds ..." In the present case funds of two corporations were available at the time appellants were "responsible persons" during the third quarter of 1973. The jury concluded that appellants willfully failed to pay over these trust funds to the Government. There is adequate evidence in the record from which the jury could make this finding of fact.

Contrary to the contentions of appellants, we conclude that the record does not reflect any reversible error. Accordingly, it is ORDERED that the judgment of the district court be affirmed. No costs are taxed. The parties will bear their own costs in this court.