**Edith I. MARTIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**C82–2547.**

United States District Court, N.D. Ohio, E.D.

April 8, 1986.

---

John A. Nehrer, Cuyahoga Falls, Ohio, for plaintiff.

Matthew Yackshaw, Trail Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This is an action for the recovery of Internal Revenue taxes, the Court having jurisdiction under 28 U.S.C. § 1346(a). The plaintiff alleges that on June 7, 1982 the District Director of the Internal Revenue Service assessed a 100% penalty against the plaintiff for withholding taxes which were not paid from April 1, 1979 to September 30, 1979 by the M & M Auto Body Company. On July 6, 1982 plaintiff paid the full assessment of Five Thousand Six Hundred Sixty Seven and Sixty-three cents ($5,667.63). She filed a claim for refund which was denied. The United States filed an answer and a third party complaint against Leonard Mead which contained the following claim. On September 21, 1981 a delegate of the Secretary of the Treasury assessed against Leonard Mead a 100% penalty pursuant to 26 U.S.C. § 6672 in the amount of Five Thousand Six Hundred Sixty Seven Dollars and sixty-three cents ($5,667.63) for unpaid payroll taxes withheld from the wages of employees of M & M Auto Body Company for the second and third quarters of 1979. Leonard Mead has refused to pay this penalty assessment. The same assessment was made against Edith Martin. She has paid the entire penalty assessment and has requested a refund. In the event that the Court determines that Edith Martin is due a refund then the United States contends that Leonard Mead is liable for such amount. This matter is before the Court upon defendant's motion for summary judgment and plaintiff's motion for jury trial.

The questions presented by this motion are whether Edith Martin was a person responsible for collecting, truthfully accounting for and paying over to the government the employment taxes withheld from the wages of employees of M & M Auto Body Company, Inc., for the second and third quarter of 1979 and whether failure to perform these duties was willful.

26 U.S.C. §§ 3102(a) and 3402(a) require an employer to withhold social security and income taxes from its employees wages. The amount of the tax withheld is held to be a special fund in trust for the United States. 26 U.S.C. § 7501. The employer is liable for payment of the tax required to be deducted and withheld and will not be liable to any other person for the amount of any such payment. 26 U.S.C. §§ 3102(b), 3403, and 7501(a). The funds should not be used to finance a business. *Mueller v. Nixon*, 470 F.2d 1348 (6th Cir. 1972), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1001 (1973).

The employer has the responsibility to report the amount of withheld taxes on a payroll tax return which must be filed every quarter. Treasury Regulations on Employment taxes. Sections 31.6011(a) and 31.6071(a)–1(a). The taxes must be paid each quarter. Treasury Regulations, Section 31.6151–1(a). When the taxes are withheld from an employee's wages the United States must credit the amount to the employee's individual income tax liability whether or not the employer has paid the taxes to the United States. 26 U.S.C. § 31(a), Treasury Regulation, Section 1.31(a).

26 U.S.C. § 6672(a) provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected or not accounted for and paid over.

26 U.S.C. § 6671 authorizes this 100% penalty to be assessed and collected in the

same manner as taxes. A person is defined as including an officer or employee of a corporation who as such officer or employee is under a duty to collect, truthfully account for or pay over taxes. A person who is required to pay the taxes acts willfully if that person was aware that the taxes were unpaid and having the power and responsibility to pay them, failed to do so. *Braden v. United States*, 318 F.Supp. 1189 (S.D.Ohio 1970), affirmed 442 F.2d 342 (6th Cir.1971) set forth factors which courts have used in determining whether a person was responsible for the payment of taxes withheld from employees' wages. They are: The duties of the officer as outlined by the corporate by-laws; the ability of the individual to sign checks of the corporation; the identity of the officers, directors and shareholders of the corporation; the identity of the individuals who hired and fired employees; and the identity of the individuals who were in control of the financial affairs of the corporation. More than one officer may be responsible for payment of withholding tax to the government. The district court in *Braden* quoted *Monday v. United States*, 421 F.2d 1210 (7th Cir.1970):

> "Corporate office does not, per se, impose the duty to collect, account for and pay over the withheld taxes. On the other hand, an officer may have such a duty even though he is not the disbursing officer * * * The existence of the same duty and concomitant liability in another official likewise has no effect on the taxpayer's responsibility. * * * Liability attaches to those with power and responsibility within the corporate structure of seeing that the taxes withheld from various sources are remitted to the Government. * * * This duty is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds. * * *"

The facts utilized to make a determination of defendant's motion for summary judgment are from plaintiff's deposition and attached exhibits. Plaintiff became President of M & M Auto Body Company, Inc., after her husband's death in 1969. Part of the duties of the president stated in the by-laws of M & M Auto Body Co. Inc., are to exercise general supervision over the affairs of the corporation and perform all duties incident to the office. Prior to 1969 plaintiff signed checks payable to employees for auto parts, insurance, utilities and rent. She also signed checks for the corporation during the second and third quarters of 1979. Seventeen checks were made payable to herself, three checks made payable to a charitable organization, three to Blue Cross and one to the Division of Water. She also signed, as President of M & M Auto Body, Inc., the Company's quarterly federal tax return for the quarter ending September 30, 1979, one of the periods in question. In December 1978 she became aware of the Company's problem in paying taxes from a letter dated December 29, 1978 to Leonard Mead from the Company accountant. Many of the checks she signed were made payable to her, some for rental payments of the Corporation. She voluntarily paid some creditors of the Company after learning of the Company's tax problem. In addition she personally loaned money to the Company on September 27, 1979. The checking account statements show that the Company had sufficient funds to pay the second quarter taxes but other creditors were paid. The same applies for the quarter ending September 30, 1979.

Plaintiff argues that an issue for trial remains precluding summary judgment. She states that she did not participate in the business because of being hospitalized during the years 1976 through 1983. Leonard Mead operated the business and there were no corporate meetings after her husband's death. Leonard Mead handled all the receipts of the business and wrote the checks for disbursements. She contends that signing 17 checks out of several thousand and one quarterly return out of 40 is insufficient to hold her liable under 26 U.S.C. § 6672.

Plaintiff's arguments fail for the following reasons. The periods in question are the second and third quarters of 1979. She testified that she was hospitalized for only

one week in 1979. During the periods in question plaintiff was president of the Company. She signed 17 checks made payable to herself, made three checks payable to a charitable organization and made three Blue Cross payments. The quarterly tax return she signed was for the third quarter of 1979. As previously stated a corporate officer may be liable for payment of taxes even though that officer is not the disbursing officer. *Braden v. United States, supra.* Tax assessments are considered correct. The party assessed has the burden to prove that he was not a responsible person or that the failure to pay was not willful. *Anderson v. United States,* 561 F.2d 162 (8th Cir.1977). Plaintiff has not met this burden.

Accordingly, defendant's motion for summary judgment is granted. Since defendant has been granted summary judgment terminating this case plaintiff's motion for jury trial is overruled. The judgment for defendant requires dismissal of defendant's third party complaint against Leonard Mead for payment of the 100% penalty assessment in the event the Court grants plaintiff a refund.

IT IS SO ORDERED.