829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Algin H. NOLAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-5882
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 Before CORNELIA G. KENNEDY, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Algin H. Nolan, appeals from a judgment rendered upon a jury verdict in favor of the government, in his suit contesting the assessment against him of almost $600,000 for unpaid taxes withheld from the earnings of employees of Folghum Construction Corporation. The Internal Revenue Service had determined that plaintiff was the responsible person in the corporate structure who had willfully failed to pay the taxes over to the government. Plaintiff also appeals from the district court's failure to grant his motions for a new trial and for judgment notwithstanding the verdict.
 
 
 2
 Under the statutes then in effect, a person was personally liable for such unpaid taxes if he was an officer or employee of the corporation who was under a duty to collect and deposit the taxes, and willfully failed to do so. 26 U.S.C. Secs. 6671(b) and 6672(a).
 
 
 3
 Plaintiff first contends that there was insufficient evidence to support a finding that he was the person responsible for paying over the taxes. In order to determine whether a corporate official has a duty to collect and pay withholding taxes held in trust by the corporation, courts have utilized a 'responsible person' standard. Under this approach, courts will look beyond the mechanical responsibilities and functions performed by corporate officials or employees, such as signing checks and preparing tax returns, to ascertain who has the power to control the corporation's decision-making process by which it allocates resources to creditors; it involves a search for the person who has the ultimate authority over the expenditure of funds, the one who has the final word as to which bills should be paid and when. Godfrey v. United States, 748 F.2d 1568, 1574-75 (Fed. Cir. 1984). Although an employee of the corporation may not actually keep the records and prepare the returns for withheld taxes, he nevertheless may be the responsible person if he has the authority to make the decision to pay or not pay the taxes. McGlothin v. United States, 720 F.2d 6, 8 (6th Cir. 1983). Manifestly, the wording of the statute contemplates a person holding a position of significant consequence with a corporation and empowered to discharge important stewardship functions for it. See United States v. Sotelo, 436 U.S. 268 (1978). The burden was upon Nolan to establish that he was not the responsible person. Calderone v. United States, 799 F.2d 254, 258 (6th Cir. 1986).
 
 
 4
 In view of the high office held by Nolan with the corporation, and of his authority and conduct in performing the business of the corporation, there was abundant evidence that he was the responsible person.
 
 
 5
 Nolan also contends that there was insufficient evidence to support a conclusion that he willfully failed to pay over the taxes, and taxes issue with the trial court's handling of evidence on that portion of the case.
 
 
 6
 According to Nolan, the district court erred in admitting hearsay statements of his secretary, Connie Leatherman, and of James Gray, the secretary-treasurer of the corporation, and compounded that error by refusing to instruct the jury that the statements could be considered only for the limited purpose of impeaching the testimony of Leatherman and Gray. Nolan's position was that he could not be held responsible for willfully failing to pay over the payroll taxes, when he was unaware that the corporation's taxes were delinquent at the time he caused the corporation to transfer $300,000 to a partnership in which he was involved, in order to pay a debt owed by the corporation. The testimony of Leatherman and Gray supported Nolan's position. However, a tax agent who had been involved in investigating the case for the government testified that he had been told by Gray that he had advised Nolan, prior to the $300,000 transfer, that a $131,000 tax deposit check had not cleared the bank. The agent also said that Leatherman told him she had picked up a number of unpaid tax deposit checks from the bank, and that when the bank called her about overdrafts she passed that information on to Nolan.
 
 
 7
 The government concedes that the trial court should have instructed the jury that the agent's testimony regarding statements made to him by Gray and Leatherman could be used only for the purpose of impeaching their testimony, and not for the truth of the matters asserted. See Fed. R. Evid. 105. However, the government argues that the error was harmless, since there was ample evidence to support the jury's verdict that Nolan's failure to insure the payment of taxes was willful.
 
 
 8
 A responsible person who makes a deliberate choice to voluntarily, consciously, and intentionally pay other creditors rather than make tax payments, is liable for willful failure. See Godfrey, 748 F.2d at 1577. Willfulness also exists where a responsible person pays other creditors with reckless disregard as to whether trust fund taxes have been paid to the government. Calderone, 799 F.2d at 260. Under the circumstances of this case, then, willfulness could be established by proof that Nolan had the corporation pay the partnership at a time when he knew that the corporation was indebted for taxes, or was reckless in that regard.
 
 
 9
 On the issue of knowledge, the government relies upon evidence of office and banking practices and procedures from which one could infer that Nolan knew that tax deposit checks had not been clearing. However, the testimony of Nolan, Gray, and Leatherman contradicted this circumstantial evidence of knowledge. Under these circumstances, whether the agent's testimony about prior inconsistent statements of Gray and Leatherman was admitted for the truth of those statements, or only for the limited purpose of impeaching their testimony, was crucial to the jury's resolution of the question of knowledge. Accordingly, even though the burden of proof was Nolan's, we are unable to say the error was harmless.
 
 
 10
 Exacerbating this error is the language used by the trial court in instructing the jury, over the objection of Nolan's counsel, on the definition of the term 'willfully'. After properly advising the jury that what was required was a conscious, voluntary and intentional use of trust funds for purposes other than payment of taxes; that the only thing that need be shown was that Nolan made the deliberate choice to pay other creditors instead of paying the government, the court summarized by telling the jury that:
 
 
 11
 This means that if you find that the Plaintiff decided to use corporate funds to pay . . . other creditors, including himself, other than the Government, at a time when withheld taxes were due and owing to the Government, then you must find that he acted willfully in failing to see that the withheld taxes were paid.
 
 
 12
 This summary omits the requirement that Nolan be found to have made a deliberate choice; under this language he would have acted willfully even though he was unaware that he was paying the partnership instead of the government.
 
 
 13
 In view of the foregoing, the judgment of the district court is REVERSED, and this cause is REMANDED for a new trial.