Robert K. JOHNSON, et al., Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

Civ. No. C86–0290G.

United States District Court, D. Utah, C.D.

April 10, 1987.

Richard C. Cahoon, Salt Lake City, Utah, for plaintiffs.

Kirk C. Lusty, Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on for hearing on March 9, 1987, on cross motions for summary judgment. Plaintiffs were represented by Richard C. Cahoon and defendant was represented by Kirk C. Lusty. Counsel for the parties submitted memorandums and presented oral argument, after which the matter was taken under advisement. The court allowed the parties to file additional memorandums and the parties agreed that upon such filing the matter would be submitted for decision without further argument. The court now having reviewed all materials submitted is fully advised and sets forth its Memorandum Decision and Order.

Although the parties have brought cross motions for summary judgment there appear to be factual disputes. The defendant ("IRS") takes the position that it is entitled to summary judgment even if all of the facts alleged by plaintiff are taken as true. However, the IRS argues that if the court rejects its legal argument, there are factual disputes which must await trial. Because of that procedural framework the court will consider the motions separately.

## BACKGROUND

Resolving factual disputes in plaintiffs' favor, it appears that plaintiff Harold A. Johnson ("H. Johnson") served as Chairman of the Board of Directors and President of Auto World, Inc. ("Auto World") from the date of its incorporation until October 1, 1983 and thereafter he served solely as Chairman of the Board of Directors. Plaintiff Robert K. Johnson ("R. Johnson") served as Vice President of Auto World until October 1, 1983, and thereafter he served as President. Plaintiff Mark Turner ("Turner") served as Secretary and Treasurer of Auto World until October 1, 1983, and thereafter he served solely as Treasurer. Plaintiff LaVar Short ("Short") served as Secretary of Auto World from October 1, 1983 until August 1985.

On December 20, 1982, DeAnne S. Wood ("Wood") was hired by Auto World as an accounting supervisor with responsibility to handle the books of Auto World and to prepare and pay payroll taxes. During the third and fourth quarters of 1983 Wood and R. Johnson were at odds with one another. During those two quarters checks were prepared by Wood to pay the payroll taxes which were presented to either Turner or H. Johnson for signature. Turner and H. Johnson complied and signed those payroll checks, but without the knowledge of any of the plaintiffs, Wood failed to deposit those checks for payment. Wood thereafter prepared a financial statement for the fiscal year ending September 30, 1983, which statement showed a balance due for payroll taxes of only $12.90.

Upon further inquiry by Turner it was learned by plaintiffs in early December, 1983, that payroll taxes had not been paid for the third and fourth quarters of 1983. At that time, Auto World was in a negative cash situation. Thereafter the IRS assessed penalties equal to the amount of the outstanding payroll taxes against the plaintiffs under 26 U.S.C. § 6672. In January 1984, and thereafter, Auto World paid all current payroll taxes but the taxes for the third and fourth quarters of 1983 were not paid. The current income stream was so marginal that if those back taxes had been paid, the business would have had to be discontinued.

## I. *IRS's Motion for Summary Judgment*

■ The "100% penalty" sought to be imposed in this case derives from 26 U.S.C. § 6672 which provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Two requirements must be met in order for a person to be subject to the penalty: (1) the party against whom a penalty is assessed must be a "responsible person" within the meaning of § 6672; and (2) the person's failure to collect, truthfully account for, or pay over the payroll taxes must be "willful." In this case the IRS accepts for purposes of its motion plaintiffs' assertion that until December 1983, they were not aware of the failure to collect, account for and pay over those taxes and therefore their conduct to that point was not willful. However, the IRS takes the position that thereafter with knowledge of the tax obligation plaintiffs failed to pay over cash received in subsequent periods, even though current taxes were paid after knowledge of the past tax obligation, which funds were sufficient to pay off their entire outstanding tax liability. The IRS contends that failure to make payment of the past tax obligation from current funds and payments to creditors rather than the government amounted to a willful failure to "pay over" taxes under 26 U.S.C. § 6672.

The IRS's argument must be analyzed in light of the Supreme Court's opinion in *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). In *Slodov* the taxpayer was an orthodontist by profession who purchased the stock and assumed management responsibility for three corporations engaged in the food vending business. At the time the taxpayer purchased those corporations there was a tax obligation of $250,000 which represented wages withheld from employees that had been dissipated by the previous management rather than paid to the United States. The taxpayer went ahead and purchased the corporations and infused personal funds into the corporations. The taxpayer thereafter paid all current payroll taxes but used the infused capital and after-acquired funds to pay other creditors and to operate the business. The IRS argued in *Slodov* that all cash received by the corporation was impressed with a trust in favor of the United States for satisfaction of overdue payroll taxes, and that the taxpayer's willful use of those funds to pay rent, suppliers, and other creditors violated the obligation to pay over imposed by § 6672. The Supreme Court rejected the IRS's argument as not advancing the statute's purpose and as inconsistent with legislative history.

In *Slodov* the Court pointed out that at the point the responsible person decides to continue in business despite the delinquent taxes the IRS remains "flexible" in choosing among its statutory remedies.[1] Based upon the reality that if a corporation's assets are encumbered by superior liens it would be in the interest of the IRS to have the business continue to generate future revenue in order to pay future as well as past payroll taxes and penalties, the Court concluded that the IRS's interpretation of § 6672 could impose "penalties [upon a responsible party] not for doing anything which compromised the Government's collection efforts, but for doing what the Government regards as maximizing its chances of recovery." 436 U.S. at 253, 98 S.Ct. at 1788. That result is inconsistent with the purpose of the penalty statute. The court further noted that well counselled "responsible persons" would realize

---

**1.** The Court noted that if the business has assets that are unencumbered by prior liens the IRS very well could exercise its powers of levy and sale against the corporation's assets. Also, the IRS would have the option of permitting the business to go ahead but imposing penalties on the corporation rather than the 100% penalty imposed upon "responsible persons." *Id.*

that despite a lack of past willfulness they could be subject to heavy civil and criminal penalties and therefore the preferred course of action for such individuals would be to discontinue operation of the business. *Id.*

The Supreme Court also rejected as inconsistent with the statute the IRS's argument that a trust is created as to after-acquired cash. According to the Court, the language of 26 U.S.C. § 7501

> limits the trust to "the amount of the taxes *withheld* or *collected*" ... [and therefore] there must be a nexus between the funds collected and the trust created. That construction is consistent with the accepted principle of trust law requiring tracing of misappropriated trust funds into the trustee's estate in order for an impressed trust to arise.

*Id.* at 256, 98 S.Ct. at 1789–90. The Court supported its decision by relying on the fact that Congress expressly placed the IRS in a subordinate position as compared with other creditors with perfected security interests in a taxpayer's property. For example, the IRS is subordinate to all security interests perfected before the tax lien is filed, to security interests in inventory arising after the tax lien filing when the security agreement was entered into before the filing, and to collateral which is the subject of a purchase-money mortgage regardless of when the tax lien was filed. The Court recognized that a corporation likely would make payments to such secured creditors and also that some of those security agreements would cover after acquired proceeds such as accounts receivable. In those circumstances, the Court said that "Congress did not intend § 6672 to hammer the responsible person with the threat of heavy civil and criminal penalties to pay over proceeds in which the Code does not assert a priority interest." *Id.* at 259, 98 S.Ct. at 1791.

A final rationale for the Court's opinion was a finding that § 6672 was not intended by Congress "to impose liability without personal fault." *Id.* at 254, 98 S.Ct. at 1788. In that regard the Court concluded:

Congress, moreover, has not made corporate officers personally liable for the corporation's tax obligations generally, and § 6672 therefore should be construed in a way which respects that policy choice. The Government's concession—that § 6672 does not impose a duty on the responsible officer to use personal funds or even to liquidate corporate assets to satisfy the tax obligations—recognizes that the "pay over" requirement does not impose an absolute duty on the responsible person to pay back taxes.

*Id.*

Although the *Slodov* case appears to reject the IRS's argument that a responsible person can be liable for failing to "pay over" cash acquired after withholdings were dissipated in the absence of the responsible person having played a willful role in such dissipation, three circuit courts have distinguished *Slodov* and have upheld penalties against such responsible persons. *See Garsky v. United States,* 600 F.2d 86 (7th Cir.1979); *Kizzier v. United States,* 598 F.2d 1128 (8th Cir.1979); *Mazo v. United States,* 591 F.2d 1151 (5th Cir.1979). In *Mazo,* the person against whom a penalty was assessed was found to be a responsible person at the time the original payroll taxes were not collected and paid to the IRS. However, the responsible person had no knowledge of the failure because he had assumed that the controller of the corporation was paying the payroll taxes. Thereafter, the responsible person learned of the delinquency but chose to continue to pay creditors of the corporation. In distinguishing *Slodov* the Fifth Circuit determined that

> [a]t no point does *Slodov* reach the need to define the meaning of the term "willfully" with respect to individuals who were responsible both before and after withholding tax liability accrued. The term "willfully" is defined ... as meaning, in general, a voluntary, conscious, and intentional act, such as payment of other creditors in preference to the United States, although bad motive or evil intent need not be shown.

591 F.2d at 1154. The court then imposed a duty upon the responsible party to apply

all unencumbered funds acquired after the withholding obligation to satisfy that obligation. In *Kizzier v. United States*, 598 F.2d 1128, 1134 (8th Cir.1979) and in *Garsky v. United States*, 600 F.2d 86, 91 (7th Cir.1979) the Seventh and Eighth Circuits similarly held that responsible persons are liable for the 100% penalty based upon a failure to apply after-acquired funds so long as the person against whom the penalty is assessed was a responsible person throughout the period in which the taxes accrued.

The courts in *Mazo, Kizzier* and *Garsky* distinguished the Supreme Court's holding in *Slodov* on the basis that in *Slodov* the taxpayer was not a responsible party at the time the taxes accrued. Indeed, the Supreme court did limit its holding by stating that there could be no penalty "when at the *time [the responsible person] assumed control* there were no funds with which to satisfy the tax obligation and the funds thereafter generated are not directly traceable to collected taxes...." *Slodov*, 436 U.S. at 259–60, 98 S.Ct. at 1791 (emphasis added). However, the analysis of the Supreme Court with respect to the necessity for personal fault would seem equally to apply to "responsible" persons who occupied that position during as well as after the dissipation of funds. In that light, the distinction adopted in *Mazo, Kizzier* and *Garsky* would be important only if it could be shown that a person who was responsible throughout the period *also* acted "willfully" during that period of time. It seems that underlying the Fifth Circuit's opinion in *Mazo* is the idea that a responsible party ought not to be able to avoid penalties when he or she *negligently* delegated authority to another person who fails to collect, account for, and pay over the payroll taxes. See *Mazo*, 591 F.2d 1152, 1155 (the "corporate buck" stops with the responsible person). The theory appears to be that since the corporation willfully preferred other creditors, that act is imputed to all "responsible" persons in the corporation. However, that argument is best addressed to Congress because § 6672 expressly limits the imposition of penalties upon a showing of "willfulness" by the responsible person. *Brown v. United States*, 552 F.Supp. 662, 664 (N.D.Ill.1982) ("'[W]illful' conduct denotes 'intentional, knowing and voluntary acts' or 'reckless disregard for obvious or known risks.' ... Mere negligence is not sufficient to constitute 'wilfulness.'"). This court agrees that in some circumstances a delegation of responsibility may itself constitute "willfulness," as for example in the situation where the person to whom authority is delegated is known to be dishonest or unqualified so that the responsible person has "reckless[ly] disregard[ed] ... a known or obvious risk that trust funds may not be remitted to the Government." *Mazo*, 591 F.2d at 1154. Absent willfulness, however, this court does not regard the taxpayer's status as a responsible party alone as sufficient to impose penalties.

The argument that the act of using after-acquired cash constitutes willfulness is also not persuasive given the Supreme Court's reasoning in *Slodov*. The Supreme Court based its view that a responsible person does not act "willfully" when paying the corporation's creditors with after-acquired cash on the following grounds: (1) It is inconsistent with the statute to impose penalties on a taxpayer for doing what is in the best interest of the IRS—continuing to operate the business; otherwise, all well counseled responsible persons would cease doing business rather than expose themselves to penalties; (2) there is no equitable trust imposed upon after-acquired cash because there is no nexus between such current cash and the misappropriated withholdings; (3) the penalty statute was not intended to be used to pay the IRS ahead of creditors to which the IRS was expressly made subordinate by Congress; and (4) Congress intended to impose penalties only upon a showing of personal fault. Upon analysis it becomes clear that plaintiffs in this case are in no different position than was the taxpayer in *Slodov*. Here, as in *Slodov*, the taxpayer was innocent with regard to the original failure to collect, account for, and pay over payroll taxes. Here, as in *Slodov*, the taxpayer if well counseled would recognize that once he or

she has knowledge of the dissipated withholdings there can be no penalty if the choice is made to discontinue operations. Here, as in *Slodov,* there is no nexus between the dissipated withholdings and the after-acquired cash. Finally, here as in *Slodov* there is no showing of personal fault.

■ Based upon the foregoing analysis the court holds that penalties cannot be imposed upon plaintiffs based upon their payment of corporate creditors with cash acquired after they learned of failures to pay tax withholdings, so long as the responsible person did not play a "willful" role in that failure.[2]

## II. *Plaintiff's Motion for Summary Judgment*

■ Each of the plaintiffs in this case has filed for summary judgment based upon an assertion that they were not "responsible persons," and that even if they are determined to be such they did not "willfully" fail to collect, truthfully account for, or pay over the payroll taxes of Auto World. Section 6671(b) states that the category of responsible persons includes "an officer of employee of a corporation, ... who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." The IRS disputes that the plaintiffs learned of the failure to pay payroll taxes only in December 1983. Plaintiffs H. Johnson, R. Johnson and M. Turner were corporate officers at the time the payroll taxes were dissipated, and plaintiff LaVar Short

served as Treasurer for Auto World, from and after October 1, 1983, but the extent of control each had over how corporate funds would be used and whether each acted willfully are questions of fact that must await trial.

■ The status as "responsible persons" who acted willfully of plaintiff Bert Johnson ("B. Johnson") and plaintiff Keith Bradley ("Bradley") presents a more difficult question. The allegations against B. Johnson and Bradley are that each owned one-sixth of the outstanding stock of Auto World and that each attended shareholders meetings of Auto World. In addition, each is alleged to have been an officer in Amherst Cabinet & Mill, Inc., which is a corporation that made loans of over $200,000 to Auto World. The IRS argues that based upon those facts the court could conclude that B. Johnson and Bradley held "significant control" over the activities of Auto World. *See First National Bank of Palm Beach v. United States,* 591 F.2d 1143, 1149 (5th Cir.1979) (determination of responsible person status is based upon "actual control and economic reality, not paper facades."). Although the court considers the IRS's argument to extend the "responsible person" status towards its limits, it appears that issues of material fact exist which should await trial.

Based upon the foregoing, the IRS's motion is denied and the motion of the plaintiffs is denied. This Memorandum Decision and Order will suffice as the court's

---

**2.** This court's holding does not undercut the general proposition that a responsible person may be subject to penalties for "a voluntary, conscious and intentional act, such as payment of other creditors in preference to the United States, although bad motive or evil intent need not be shown." *Mazo,* 591 F.2d at 1154. For example, even though a responsible person might arrange to pay employees the net wages due them and use the withholding for paying other creditors with the honest expectation that the withholding could be made up in profits before the taxes become payable, that action would expose such responsible person to liability because at the time the responsible person willfully paid the withholdings to creditors those funds were held in trust for the United

States. *See Newsome v. United States,* 431 F.2d 742, 746 (5th Cir.1970); *see also Brown v. United States,* 591 F.2d 1136, 1141–42 (5th Cir.1979). However, we read the Supreme Court's analysis in *Slodov* to stand for the proposition that if the withholdings had been dissipated and the responsible person did not play a willful part in the dissipation, that person is not necessarily subject to penalties for non payment of funds which come into the business after learning of the dissipation. Nevertheless the responsible person always would have an obligation to pay over the balance of undissipated funds held at the time the responsible person learned of prior partial dissipation because those remaining funds would be impressed with a trust under 26 U.S.C. § 7501.

final action on this motion; no further Order need be prepared by counsel.